## DENTON v. CARRELL et al.

### No. 12831.

Court of Civil Appeals of Texas. Dallas.
March 2, 1940.

Rehearing Denied March 30, 1940.

Shelby S. Cox, of Dallas, and Grisham & Grisham, of Tyler, for appellant.

Lawther, Cramer, Perry & Johnson, of Dallas, for appellees.

LOONEY, Justice.

Elbert I. Denton sued Dr. W. B. Carrell, Dr. Sim Driver and Dr. P. M. Girard (practicing physicians), as partners, operating in Dallas under the style of Carrell-Driver-Girard Clinic, to recover damages for alleged malpractice. The court sustained a demurrer to appellant's petition on the ground that it appeared his cause of action was barred by the two years' statute of limitation, and dismissed the suit; this appeal ensued.

Appellant alleged, in substance, that, having sustained a spinal injury in the month of December, 1930, resulting in partial paralysis, with the hope of obtaining relief, he arranged with defendants for a surgical operation, which was performed by Dr. Carrell on November 24, 1931, being an incision over plaintiff's spine, about ten inches in length, beginning about four inches below the center line between his shoulder blades, and extending downward; that, in closing the wound, the operating surgeon negligently left and permitted to remain therein, a quantity of gauze or sponge; and that, within a few days after the operation, appellant was discharged from the hospital, with the gauze or sponge sewed up in the wound; that he was without knowledge of such fact and without means of ascertaining the facts with reference thereto; that the imprisoned foreign substance caused infection, inflammation, boils and sores, and, especially from February, 1935, to November 17, 1935, appellant suffered greatly from sores and boils that broke out on his body, and, particularly, at a point about three inches above the lower point of the wound, a large angry, stubborn sore or boil appeared that, at intervals, apparently healed, but would return, become inflamed and discharge pus; alleging in detail his suffering, concluding, as follows: that, "On the 17th day of November, 1935, and in the night time, plaintiff was sick, almost unto death by reason of the condition hereinabove described, and being attended by his mother on said occasion in her effort to cleanse and treat said wound, there appeared in an opening of said boil or sore being at a point in said wound or incision what appeared to his mother to be the core of a boil; that after working with same for a time, she discovered said foreign substance and pulled from said sore the gauze or sponge which had been left therein by the defendant at the time of closing said wound during and after said operation, and the presence of which was wholly unknown to the plaintiff, as aforesaid, until it was so removed by his said mother."; alleging further that, after the removal of the foreign substance, his body threw off the poison and infection and his general health improved, etc.

That appellant alleged a cause of action, there can be no doubt, in view of the authorities (see 33 T.J. pp. 345–346, sec. 61, and authorities there cited), and that the cause of action arose on the date and at the time the alleged negligent acts were committed, there can be no doubt. As stated in Steele v. Glenn, Tex.Civ.App., 57 S.W.2d 908, 910, " 'The general rule is that a right of action accrues whenever facts come into existence which give rise to a cause of action.' * * * A cause of action based upon a consummated legal wrong accrues immediately, regardless of whether or not the injured party has knowledge of the wrong."

The alleged cause of action having arisen on November 24, 1931, the date of the operation, and the suit not having been filed until December 15, 1936, more than five years after the date of the operation, appellant's cause of action was barred at the time the suit was instituted, that is, if the statute of limitation was in operation from that date. But, if the statute was not put in operation until November 17, 1935, the date appellant alleges that, for the first time, he discovered foreign substance had been left in the wound when the incision was closed, his cause of action was not barred when the suit was instituted. So, the real question for our determination is, whether or not appellant's allegations were sufficient, as against a general demurrer, to admit proof, showing or tending to show, that he was not negligent in failing to sooner ascertain the facts constituting his alleged cause of action, that is, that foreign substance had been left in the wound at the time of the operation.

Although appellant's counsel have discussed at length the subjects of fraud, fraudulent concealment, and the fiduciary relationship existing between the parties, we do not think that the rules of law applicable to those subjects primarily are involved; the case, in our opinion, is controlled by the law of negligence.

We think it obvious that, anticipating the interposition of a plea of limitation, appellant sought, by suitable allegations, to lay the basis for the admission of evidence bearing upon the issue whether or not he was guilty of negligence in not sooner discovering the facts constituting his cause of action. The petition discloses the relationship of the parties, the evident reliance of appellant, a layman, upon the skill of the operating surgeon; also that appellant did not know, and was without means of ascertaining that, foreign substance had been left in the wound, and, further, that this fact was not ascertained until Novem-

ber 17, 1935, when his mother, dressing the sore on his back, pulled out gauze or sponge that had been imprisoned in the wound since the operation on November 24, 1931.

Under these allegations, we think evidence could have been introduced, showing the relationship of the parties, their respective relationships to the transaction, the means, opportunity, capacity or skill of appellant, a layman, for ascertaining the facts, from which a jury could have determined whether or not, under all the facts and circumstances, appellant negligently failed to avail himself of the means of information that would have led to an earlier discovery of the facts constituting his cause of action.

For the reasons stated, we think the court erred in sustaining the demurrer and dismissing the suit; therefore, the judgment is reversed and the case is remanded for further proceedings.

Reversed and remanded.