HARRISON MACHINE WORKS v. GEO. J. REIGOR.

(Case No. 5262.)

1. STATUTE OF LIMITATIONS.— The statute of limitations runs from the time a cause of action accrues, and no matter what causes a note to become due, the maker can avail himself of any failure to sue within the period of limitation. The statute of limitations is intended to compel the settlement of claims within a reasonable time after their origin and while the facts are fresh in the minds of the witnesses.

2. SAME.— To allow a holder to treat a claim as due at a later date than the maker has agreed that it should mature would destroy the purpose of the statute, since the evidence for the enforcement of the claim might be preserved, while that for its resistance might be destroyed.

3. SAME.— When by the terms of a contract option is given to a creditor to bring suit for the entire debt upon the non-payment of an instalment, and he fails to bring such suit, the debtor may possibly be justified in supposing that the creditor has elected not to take advantage of the forfeiture, if forfeiture it is, and may be chargeable with knowledge that limitation will not be computed, as against the entire debt, from the date of the failure to make a part payment. But when the contract gives no such option to the creditor, he cannot postpone the maturity of the debt and waive the forfeiture, but the statute runs from the date of the first failure to pay an instalment.

APPEAL from Tarrant. Tried below before the Hon. A. M. Carter, Special Judge.

The opinion states the facts.

*Jas. C. Scott*, for appellant, cited: R. S., arts. 3205 and 3216; Fisher *v.* Phelps, 21 Tex., 556–560; Phillips *v.* Holman, 26 Tex., 281, 282.

*Furman & Steadman*, for appellee, cited: Parsons on Bills and Notes, vol. 2, p. 644; Hemp *v.* Garland, Fisher's Common Law Digest, vol. 3, p. 5487.

WILLIE, CHIEF JUSTICE.— Eliza M. Hicks and J. Reigor executed to Harrison & Co. two promissory notes each for $700, one payable

January 1, 1879, and the other January 1, 1880, and each containing an agreement to the effect that a failure to pay that note when due should mature both notes.

This suit was commenced upon these two notes more than four years after the maturity of the one first falling due, and the statute of limitations having been pleaded, the question is: Was suit upon the last barred?

That the effect of the agreement was to authorize suit or give a right of action upon the last note at the same time that it could be commenced upon the first cannot be doubted. By the express terms of our statute of limitations it commences to run from the time when the cause of action accrues.

It is immaterial from what cause a note becomes due so far as the right of the holder to enforce it by suit is concerned.

It would seem to follow as a necessary corollary that the maker can, in the one case as in the other, avail himself of any failure to sue within the period of limitation.

The purpose of statutes of limitation is "to compel the settlement of claims within a reasonable period after their origin, and while the evidence upon which their enforcement or resistance rests is yet fresh in the minds of the parties or their witnesses." Wood on Lim., § 5.

If the holder of a note may, at his option, treat the claim as due at a later date than the maker has agreed that it shall mature, and thus prescribe a different date at which it shall be barred, the evidence for its enforcement may be preserved, whilst that for its resistance may be destroyed, and thus the purpose of the statute be wholly defeated.

In the case of Hemp v. Garland, 45 E. C. L., 519, it was held that though the contract left it optional with the plaintiff to sue or not for the whole debt upon default in the payment of any one instalment of principal or interest, the statute would commence to run from the date of such default upon the whole demand. This is put upon the principle that limitation runs from the time when the action might have been brought; and that the option of the plaintiff could not affect the right of the defendant, who might well consider the action as accruing from the time that the plaintiff had a right to maintain it.

We have not found any case holding a contrary doctrine. This case has been somewhat criticised, on the ground that the facts brought it within the principle that no one is bound to take advantage of a forfeiture; that the creditor is not compelled to treat the

whole debt as due, and that the decision puts the statute in motion against the creditor's will to defeat his claim. Wood on Lim., p. 296. Admitting this to be a correct view, it cannot affect the present case. Here no option was left to the creditor; he was forced to treat the debt as due. It is true he was not obliged to bring suit upon it upon default in payment of the first note; neither is any creditor compelled to sue upon a claim so soon as it becomes due. But the statute was put in motion without consulting his wishes, by the very terms of the contract, which neither party had any right to change without the consent of the other.

When suit is left to the option of the creditor, and he fails to bring his action for the whole debt upon the non-payment of one instalment, the debtor may possibly be authorized to construe this as an exercise of option in favor of postponing the maturity of the unpaid instalments. He may be justified in supposing that if he had incurred a forfeiture, the creditor had elected not to take any advantage of it, and may be chargeable with knowledge that limitation would be computed accordingly.

But if the creditor cannot postpone the maturity of the debt, and hence cannot waive the forfeiture, if such it can be termed, the debtor cannot, of course, be charged with notice that he has done so. He must regard his rights under the statute of limitations as still governed by the terms of the contract, and after the statute has interposed its bar by the lapse of the prescribed time from the maturity of the contract as provided by the parties, the creditor cannot claim that he waived the forfeiture, and extended the time for payment, without the knowledge of the debtor, and thereby defeat a legal defense to which the latter would be otherwise fully entitled.

We are of opinion that there is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered April 28, 1885.]