Opinion delivered March 13, 1888.

---

No. 2569.

## THE HOUSTON WATER WORKS *v.* JOHN KENNEDY.

1. PLEADING.—When a corporation is the defendant in a suit, the statute does not require that the charter should be set forth, or that it should be alleged by what authority the defendant was incorporated.
2. CAUSE OF ACTION—LIMITATION.—When an act is in itself lawful as to the person who bases thereon an action for injuries subsequently accruing from and consequent upon the act, the cause of action does not accrue until the injury is sustained.
3. CASE REVIEWED. — Backhouse v. Bonomi, 9 H. L. Cases (Eng.), 503, reviewed.

4. CAUSE OF ACTION—LIMITATION.—If an act is done which in itself is an invasion of the right of another, which being done, injury is the natural sequence, then limitation will run against the right to recover damages from the time the unlawful act was committed, though the injury may not have been discovered until within a period before suit less than would be sufficient to complete the bar of the statute.

APPEAL from Harris. Tried below before the Hon. James Masterson.

*E. P. Hamblen,* for appellant.

*Frank S. Burke* and *Henry F. Fisher,* for appellees: The special damage sustained by appellee, if not the necessary result, was nevertheless caused by appellant's act, and is alleged in the petition to have been the cracking of the walls of plaintiff's building. (Rev. Stats., art. 1195; rule 4; 47 Texas, 616.)

If, as alleged in appellant's proposition, the damage "was not the necessary result of the act alleged against appellant," the cause of action did not accrue when the arch was cut, but when the injury was sustained, and was not barred by statute of limitation of two years; and if the act itself was such as would give a cause of action, the damage was a continuing one, and the appellee was entitled to recover for such as occurred within the limitation, without allegation or proof of fraud. (Martel v. Somers, 26 Texas, 561; Moore v. Anderson, 30 Texas, 230; Angell on Lim., secs. 301, 309, 42, and note 3; 1 Suth. on Dam., 3, 21; 2 Add. on Torts, sec. 1361, and note 2; 2 Wait's Actions and Defenses, 119; Wood on Lim., sec. 178, p. 369, note 1; Id., sec. 180, note 1, p. 374; Sedgwick on Dam., 6 ed., pp. 28, 44.)

STAYTON, CHIEF JUSTICE. This action was brought by the appellee to recover damages alleged to have resulted from injury to a house owned by him, which he claimed was caused by the making of an arch by the appellant in placing a water pipe in the building.

The appellant was alleged to be a corporation, but how incorporated was not stated. The sufficiency of the petition in this respect was questioned by a special exception, as follows: "Because it (the petition) fails to state by what authority this defendant was incorporated, or that it was incorporated by any authorized power." The exception was properly overruled.

This matter is regulated by statute, which does not require, when a corporation is defendant, that the petition should set out the charter or allege by what authority the defendant was incorporated. (Gen. Laws 1883, p. 103.)

It is claimed that the injury was not sufficiently stated in the petition. The allegations were as follows: That appellant "cut away a portion of the arch aforesaid to make way through the same for defendant's water pipe, and in so doing removed the support theretofore afforded to said east corner of said building, causing thereby said building to settle in the ground, away from the other portions of said building, and the walls of said building to crack and burst open in several different places, thus occasioning to plaintiff's property serious injury and damage." This was followed by an averment of the amount of damages resulting from the injury alleged. The averments were sufficient.

The arch was cut on July 24, 1884, and this action was not brought until September 21, 1887, but it was brought within two years after the settling of the corner of the house and cracking of the walls. The cutting of the arch and placing of the water pipe was done at the request of a tenant of appellee, and was at a place not open to view, and was unknown to appellee until inquiry was made as to the cause of injury to the walls. It is urged that the cause of action occurred at the time the arch was cut, and that the plea of limitation presented a good defense. The cause was tried without a jury, and the defense presented by the plea of limitation was disposed of upon the facts.

If it be true, that the cause of action accrued at the time the arch was cut, then the action was barred. The action was one that would be barred in two years after the cause of action accrued, and the inquiry is, when did the cause of action accrue? The arch and house alleged to have been injured were the property of the appellee at the time the arch was cut. This was an act wrongful toward the owner of the property, for which an action might have been maintained as soon as the tort was committed. When an act is in itself lawful as to the person who bases an action on injuries subsequently accruing from, and consequent upon the act, it is held that the cause of action does not accrue until the injury is sustained.

This is well illustrated by the case of Backhouse v. Bonomi, decided in the House of Lords in 1861. (9 H. L. Cases, 503.)

In that case it appeared that the plaintiff was the owner of a house under which the defendant owned and worked a mine, as did he under contiguous lands. While working the mine under the contiguous lands, the defendant removed the pillars which supported the earth under that land, in consequence of which the lands began to sink, and so continued to do during several years, until it affected the lands on which the plaintiff's house stood in the same manner. More than six years after the acts which led to the injury to plaintiff's house occurred, but within six years after his house was injured, he brought an action to recover damages, and it was held that no cause of action accrued until the plaintiff sustained injury.

This rule has been asserted in many cases. If, however, the act of which the injury was the natural sequence, was a legal injury, by which is meant an injury giving cause of action by reason of its being an invasion of a plaintiff's right, then be the damage however slight, limitation will run from the time the wrongful act was committed, and will bar an action for any damages resulting from the act, although these may not have been fully developed until within a period less than necessary to complete the bar. (Bank v. Waterman, 26 Conn., 324; Betts v. Morris, 21 Maine, 327; Kerns v. Schoonmaker, 4 Ohio, 331; Justin v. Jefferson, 15 Iowa, 159; 2 Greenleaf on Evidence, 433, 434; 2 Addison on Torts, 1301; Wood on Limitation, 178; 1 Sedgwick on Damages, 193, et seq. The notes on the elementary authorities here cited give reference to many cases illustrating the rule.

The appellee's action is based on the act of the agent of the appellant, through which the property of the former is alleged and proved to have been injured in July, 1884. For the injury then done to the arch the appellee could have maintained an action at once, and having failed to do so for a period longer than two years his action is barred. The fact that the extent of the damages he would have been entitled to recover was not so easily and clearly shown at the time the cause of action occurred as was this after the walls of his house had been cracked furnishes no reason why the statutory bar should not be enforced. It has been held in cases where there was fraudulent concealment of a cause of action that the statutes of limitation would not operate until the facts became known or by the exercise of ordinary diligence might have been known. This rule, so far as we know, has never been applied to cases such

as the one now before us; but on the contrary it has been steadily held that a mere want of knowedge by the owner of injury to his property does not prevent the running of the statute. (2 Greenleaf on Evidence, 483; 2 Addison on Torts, 600; Bank v. Waterman, 26 Conn., 329; Kerns v. Schoonmaker, 4 Ohio, 331.

There being no controversy as to the facts bearing on the defense of limitation the court below should have rendered a judgment for the appellant, and this question being conclusive of the rights of the parties it becomes unnecessary to consider the remaining assignments.

The judgment of the district court will be reversed and here rendered for the appellant.

*Reversed and rendered.*