## BECK v. AMERICAN RIO GRANDE LAND & IRRIGATION CO.

### No. 8609.

Court of Civil Appeals of Texas. San Antonio.

May 15, 1931.

Rehearing Denied June 10, 1931.

Don A. Bliss, of San Antonio, and J. C. Epperson, of Edinburg, for appellant.

Geo. P. Brown, of Edinburg, D. W. Glasscock, of Mercedes, and West & Hightower, of Brownsville, for appellee.

SMITH, J.

J. R. Beck, appellant herein, brought this action against American Rio Grande Land & Irrigation Company, appellee, to recover damages alleged to have been sustained by him on account of seepage of water from appellee's irrigation canals and barrow pits into appellant's adjacent lands. From an adverse judgment rendered upon a directed verdict, Beck has appealed.

Appellant alleged that he owns a tract of approximately thirty-three acres of farm land adjoining appellee's irrigation canals; that appellee so constructed and has so maintained its canals and adjacent barrow pits as to cause the water to seep therefrom into appellant's land, thereby decreasing its prior value of $500 to $750 per acre to its present value of $100 per acre; that appellee's act in the matter constitute gross negligence.

In its answer appellee pleaded limitation of two years, and set up the terms of a certain contract alleged to govern the rights and liabilities of the parties in the matter, and asserting that under the terms of that contract appellant could not recover. This contract was not put in evidence, however, and although it may be inferred from the evidence that the relations of the parties may be determined in part by contract, that evidence is not such as to sustain a presumption that such contract is in fact the one pleaded by appellee. The burden rested upon appellee to prove the contract relied upon by it as a defense to appellee's suit, and having failed to offer it in evidence appellee cannot urge its provisions as a defense.

Upon the trial appellant put in his evidence upon the whole case, and rested, whereupon appellee, without offering any testimony, moved for a directed verdict in its favor, which was granted. Thus is presented the sole question of whether the court was warranted in directing a verdict for appellee.

In determining the question all the evidence offered by appellant in his favor must be taken as true, and if it was sufficient to raise any material issues pleaded by appellant, such issue or issues should have been submitted to the jury. We have concluded from an examination and analysis of the testimony that the case should have gone to the jury, and that the court erred in directing a verdict.

██ Construing the testimony favorably to appellant, as it must be in the case of a directed verdict, the following facts are disclosed: When appellant purchased the land involved, in 1920, appellee's canal was in operation on the north side thereof, and was paralleled by appellee's barrow pit; that appellee placed an unnecessary obstruction in this barrow pit, thereby causing water to accumulate thereon, with no means of escape; that this water seeped into appellant's adjacent land, eventually seriously impairing the productivity of the land; that but for this injury the value of the land was or would be $350 per acre, whereas in its impaired condition its value is but $100 per acre. The injurious effect of the seepage upon the land did not become apparent until within two years of the institution of this suit, when appellee's chief engineer was apprised of the development, but, although promising to stop the seepage by draining the water out of the pit, he nor any one else for appellee had done so. These outstanding facts were elaborated in great detail, but the foregoing statement gives a sufficient outline of the case made. It establishes the act of appellee in negligently flooding its barrow pit and maintaining it in that condition, and the resulting seepage into appellant's land and consequent injury thereto; it raised an issue as to the character of injury, as being temporary or permanent; it established a lawful measure of damages by showing that but for said injury the market value of the land would be $350 or more per acre, whereas, on account of said injury, its market value is only $100 per acre. It may be true that this method of showing the true measure of damages was somewhat lax and did not set up the true measure with that nicety preferred in some of the decisions. But no objection was offered to the evidence introduced upon this phase of the case, and we conclude that that evidence afforded a practical measure not inconsistent with the recognized measure in such cases. It may have been an awkward, but it was none the less an effective, method of showing the difference between the market value of the land immediately before and immediately after the injury became apparent. It effectively presented the real question in the case, to wit: How much was appellant damaged by appellee's negligence? No objection was made to this evidence, no restriction was requested or made upon its effect, and the jury could not reasonably have been misled by it to appellee's injury.

Appellee contends that, under the contract pleaded by it, its liability was restricted to acts of gross negligence on its part. We have held that because it was not put in evidence that contract was not available to appellee as a defense, but had it been, we are nevertheless of the opinion that under the testimony the jury might properly have found that appellee had been guilty of gross negligence in the case.

██ Appellee also contends that the evidence shows appellant's cause of action was barred by the two-year statute of limitation, which, it is true, applies in such cases. But in such cases limitation runs from the time the injury complained of becomes apparent, or should have been discovered by due diligence on the part of the party affected by it. In this case the evidence was such as would have authorized the jury to find for appellant on that issue.

We conclude that the justice of the case, as well as the law, requires reversal, in order that the appellant's case, as well as appellee's defenses, may be fully developed and the controversial issues determined by a jury.

Reversed and remanded.

### On Motion for Rehearing.

In the original opinion it was suggested that the evidence raised the issue of gross negligence upon the part of appellee. That expression was not necessary to the decision, was improvidently used, and is now withdrawn. We should add here, since the question was raised in the original opinion, that we have very carefully analyzed the evidence upon motion for rehearing, and are convinced that it shows no element of gross negligence. In truth, the evidence upon no issue pleaded was very satisfactory; it was so meager upon all issues, in fact, that it was only by reading into it every intendment warranted in testing the action of the trial court in directing a verdict, that we arrived at the judgment of reversal. We concluded that, as the evidence upon the part of appellant was so meager, and as no evidence was offered by appellee, the justice of the case could not be determined except upon a more complete development of the true facts of the case, for which purpose the cause was remanded for another trial.

With this modification of the original opinion, appellee's motion for rehearing is overruled.