## BECK v. AMERICAN RIO GRANDE LAND & IRRIGATION CO.

### No. 9084.

Court of Civil Appeals of Texas. San Antonio.

June 7, 1933.

Rehearing Denied July 1, 1933.

Bliss & Daffan, of San Antonio, and J. C. Epperson, of Edinburg, for appellant.

West & Hightower, of Brownsville, and D. W. Glasscock, of Mercedes, for appellee.

MURRAY, Justice.

This is the second appeal of this case. The opinion of this court on the first appeal is found in 39 S.W.(2d) 640.

As stated in the former opinion, J. R. Beck, appellant herein, brought this action against the American Rio Grande Land & Irrigation Company, appellee, to recover damages alleged to have been sustained by him on account of seepage of water from appellee's irrigation canals and barrow pits into appellant's adjacent lands. From an adverse judgment rendered upon a directed verdict, Beck has again appealed.

The facts are rather fully set forth in the former opinion, to which we here refer for a more detailed statement of the case.

The trial judge properly directed a verdict in this case.

Beck acquired title to the land involved in this suit from the Stewart Farm Mortgage Company, who in turn had acquired title from appellee, American Rio Grande Land & Irrigation Company. There was also a written contract between appellee and the Stewart Investment Company. The Stewart Investment Company and the Stewart Farm Mortgage Company were closely connected companies, one being a sales company and the other a holding company.

As a result of these several conveyances, Beck waived all damages caused by any break, leak, seepage, or overflow from the reservoirs, canals, or branches thereof, or any part of the irrigation system under the control or supervision of appellee, or from any other cause, except such loss or damage as may be caused by the gross negligence of appellee. Beck was further bound not to permit water furnished by appellee, or any part thereof, to run onto contiguous land or spread out in low places, or in any manner to run to waste. Beck was obligated to construct and maintain at his own cost and expense such ditches as may be necessary to properly drain said land, and whenever practicable to construct such ditches as may be necessary to carry any surplus water back into a canal or branch thereof of the appellee.

All of the above stipulations were contained in the contract between the Stewart Investment Company and appellee, and were also contained in the deed from appellee to the Stewart Farm Mortgage Company, and the deed which Beck received provided that he should assume, keep, and perform all of such covenants, agreements, obligations, and undertakings.

It is pointed out that the deed to Beck was executed before the deed to the Stewart Farm Mortgage Company was executed. This would not prevent Beck from being bound by these covenants. The contract between appellee and the investment company contained these stipulations, and provided that all deeds to purchasers should contain such provisions. If it be conceded that the only title the Farm Mortgage Company had was an after-acquired title, nevertheless, these covenants ran with the land and were binding upon Beck.

The judgment entered by agreement in cause No. 3376, styled J. R. Beck v. Stewart Farm Mortgage Company et al., did not in any way relieve Beck from his obligation to keep and perform these covenants running with the land he had purchased.

Thus it is seen that Beck could only recover by showing that appellee had been guilty of gross negligence. The evidence on this point is practically the same as on the former appeal. We adhere to the former holding of this court that the evidence is insufficient to establish gross negligence.

The judgment is affirmed.