DR. W. B. CARRELL ET AL V. ELBERT I. DENTON.

No. 7749. Decided January 7, 1942.
(157 S. W., 2d Series, 878.)

146

*Lawther, Cramer, Perry & Johnson* and *Robert M. Perry*, all of Dallas, for plaintiff in error.

Plaintiff's petition asserted a cause of action in tort only and contained no allegation establishing a fiduciary relationship. Nor did it allege fraud or concealment and therefore, no issue of fraud, concealment or trust could be raised. Davis v. Howe, 213 S. W. 609; Owen v. King, 130 Texas 614, 111 S. W. (2d) 695; Carr v. McGinley Corp., 105 S. W. (2d) 410.

*Shelby Cox,* of Dallas, *Grisham & Grisham,* of Tyler, for defendant in error.

The relation between a physician and his patient is fiduciary. Flanagan v. Pearson, 42 Texas 1, 19 Am. Rep., 40; Central Natl. Bank v. Connecticutt Mut. Life Ins. Co., 104 U. S. 54, 26 L. Ed. 693; McKinley v. Lynch, 58 W. Va., 44, 51 S. E. 4.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This suit was brought by Elbert Denton against Dr. W. B. Carrell and two other practicing physicians, composing a partnership. The suit was commenced December 15, 1936, and the object of the suit is the recovery of damages for personal injury negligently inflicted on the plaintiff November 24, 1931. Said personal injury occurred in connection with a surgical operation performed by Dr. Carrell on the spine of the plaintiff. In performing the operation, the doctor made an incision in the back side of plaintiff's body and inserted inside his body cavity a number of gauze sponges. Upon completing the operation and closing the incision, Dr. Carrell negligently left one of said gauze sponges inside plaintiff's body, and a few days later the plaintiff was discharged from the hospital. Plaintiff remained ignorant of the fact that the gauze sponge was in his body until November 17, 1935, on which date his mother, in dressing the wound in his back, discovered a portion of the gauze sponge protruding from the wound, whereupon she drew the gauze sponge from plaintiff's body.

The above facts are alleged in the plaintiff's petition. The defendants interposed a special exception, whereby they invoked the statute of two years limitation (R. S. Art. 5526). The ground of the exception is that the allegations of the petition show that the suit, at the time it was commenced, was barred by limitation. The trial court sustained the special exception and dismissed the suit. This judgment was reversed and the cause remanded by the Court of Civil Appeals, (138 S. W. (2d) 878).

The wrongful act from which the damages sued for resulted, consists of the negligent act of Dr. Carrell in failing to remove the gauze sponge from inside the body of the plaintiff before the incision in his body was closed. The plaintiff's cause of action for the resulting damages accrued at that time. Houston Waterworks Co. v. Kennedy, 70 Texas 233. The statute of limitation began to run at that time and had run its prescribed course, without interruption, before this suit was brought The plaintiff's counsel insists that the statute did not begin to run until November, 1935, when the plaintiff discovered that the gauze sponge had been left inside his body by Dr. Carrell. The proposition which lies at the bottom of this contention is to the effect that the relation between a surgeon and his patient

involves trust and confidence, therefore fraudulent conceal-
ment is imputed to Dr. Carrell because of his failure to inform
the plaintiff that the gauze sponge had been left inside the plain-
tiff's body. The proposition is essentially unsound. In conducting
a surgical operation on his patient, and in respect to any treat-
ment he may administer, a surgeon is under the duty to exer-
cise due care: His failure to discharge this duty constitutes
negligence and therefore is wrongful—but the failure does not,
of itself, constitute fraud or expose the surgeon to the impu-
tation of fraudulent concealment. Among other essential in-
gredients, a fraudulent concealment in cases of this sort in-
cludes, first, actual knowledge of the fact that a wrong has
occurred, and, second, a fixed purpose to conceal the wrong
from the patient. Neither of these ingredients appears from the
allegations of the plaintiff's petition. The trial court did not
err in sustaining the special exception in question and in dis-
missing the suit. The judgment of the Court of Civil Appeals,
reversing the trial court's judgment, is reversed and that of the
trial court is affirmed.

Adopted by the Supreme Court January 7, 1942.