## CARRELL et al. v. DENTON.

### No. 2382—7749.

Commission of Appeals of Texas, Section A.

Jan. 7, 1942.

Lawther, Cramer, Perry & Johnson and Robert M. Perry, all of Dallas, for plaintiffs in error.

Shelby Cox, of Dallas, and Grisham & Grisham, of Tyler, for defendant in error.

HARVEY, Commissioner.

This suit was brought by Elbert Denton against Dr. W. B. Carrell and two other practicing physicians, composing a partnership. The suit was commenced December 15, 1936, and the object of the suit is the recovery of damages for personal injury negligently inflicted on the plaintiff November 24, 1931. Said personal injury occurred in connection with a surgical operation performed by Dr. Carrell on the spine of the plaintiff. In performing the operation, the doctor made an incision in the back side of plaintiff's body and inserted inside his body cavity a number of gauze sponges. Upon completing the operation and closing the incision, Dr. Carrell negligently left one of said gauze sponges inside plaintiff's body, and a few days later the plaintiff was discharged from the hospital. Plaintiff remained ignorant of the fact that the gauze sponge was in his body until November 17, 1935, on which date his mother, in dressing the wound in his back, discovered a portion of the gauze sponge protruding from the wound, whereupon she drew the gauze sponge from plaintiff's body.

The above facts are alleged in the plaintiff's petition. The defendants interposed a special exception, whereby they invoked the statute of two years limitation, R.S. Art. 5526. The ground of the exception is that the allegations of the petition show that the suit, at the time it was commenced, was barred by limitation. The trial court sustained the special exception and dismissed the suit. This judgment was reversed and the cause remanded by the Court of Civil Appeals, 138 S.W.2d 878.

The wrongful act from which the damages sued for resulted, consists of the negligent act of Dr. Carrell in failing to remove the gauze sponge from inside the body of the plaintiff before the incision in his body was closed. The plaintiff's cause of action for the resulting damages accrued at that time. Houston Water Works Co. v. Kennedy, 70 Tex. 233, 8 S.W. 36. The statute of limitation began to run at that time and had run its prescribed course, without interruption, before this suit was

brought. The plaintiff's counsel insists that the statute did not begin to run until November 1935, when the plaintiff discovered that the gauze sponge had been left inside his body by Dr. Carrell. The proposition which lies at the bottom of this contention is to the effect that the relation between a surgeon and his patient involves trust and confidence, therefore fraudulent concealment is imputed to Dr. Carrell because of his failure to inform the plaintiff that the gauze sponge had been left inside the plaintiff's body. The proposition is essentially unsound. In conducting a surgical operation on his patient, and in respect to any treatment he may administer, a surgeon is under the duty to exercise due care. His failure to discharge this duty constitutes negligence and therefore is wrongful—but the failure does not, of itself, constitute fraud or expose the surgeon to the imputation of fraudulent concealment. Among other essential ingredients, a fraudulent concealment in cases of this sort includes, first, actual knowledge of the fact that a wrong has occurred, and, second a fixed purpose to conceal the wrong from the patient. Neither of these ingredients appears from the allegations of the plaintiff's petition. The trial court did not err in sustaining the special exception in question and in dismissing the suit. The judgment of the Court of Civil Appeals, reversing the trial court's judgment, is reversed and that of the trial court is affirmed.

Adopted by the Supreme Court.