Henry STEWART, Individually and on Behalf of His Wife, Maybelle Stewart, Appellants,

v.

F. W. JANES, Appellee.

No. 7510.

Court of Civil Appeals of Texas.

Amarillo.

June 21, 1965.

Rehearing Denied Sept. 7, 1965.

Splawn & Maner, Lubbock, for appellants.

Crenshaw, Dupree & Milam, Lubbock, Potter, Gowdy & Kirk, Littlefield, for appellee.

NORTHCUTT, Justice.

This is a malpractice suit brought by Henry Stewart individually and on behalf of his wife, Maybelle Stewart, against Dr. F. W. Janes for damages allegedly resulting from an operation performed by Dr. Janes on Maybelle Stewart on July 10, 1945, from defendant's alleged negligence in leaving a gauze pad in the incision. This suit was filed on November 14, 1963. The defendant answered contending the suit was barred by the two-year statute of limitation. The defendant also filed a motion for summary judgment on the basis that the suit was barred by the two-year statute of limitation and that defendant was entitled to judgment as a matter of law. After a hearing was had on said motion the court granted defendant's motion for summary judgment. From that judgment the plaintiff perfected this appeal.

The parties herein will hereafter be referred to as they were in the trial court. The plaintiff presents this appeal upon two points of error as follows:

"POINT OF ERROR NO. 1

THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN HOLDING THAT THE PLAINTIFF'S CAUSE OF ACTION WAS BARRED BY THE TWO YEAR STATUTE OF LIMITATION WHICH COMMENCED TO RUN ON JULY 10, 1945.

"POINT OF ERROR NO. 2

THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR BY SO DOING THE APPELLANT WAS DENIED THE DUE PROCESS OF LAW AS PROVIDED BY THE CONSTITUTIONS OF TEXAS AND THE UNITED STATES."

▮ We realize the hardship of this kind of case but settled principles of law cannot be disregarded in order to remove the hardship of special cases. We think the

rule of stare decisis requires this court to abide former precedents where the same points arise in litigation. This is necessary in order to have declared and determined the proper rule so that such matters might not be altered or swerved from by a judge having a different view. We must not and cannot determine such matters as here involved according to our own private judgment as to the right or wrong of a rule to follow but must follow the determined rule and law of this state. We are of the opinion, and so hold, that the matters here involved have been determined in this state contrary to the contention of the plaintiff.

It is stated in the case of Carrell v. Denton, 138 Tex. 145, 157 S.W.2d 878, 879 (opinion adopted by S.Ct.) as follows:

"The wrongful act from which the damages sued for resulted, consists of the negligent act of Dr. Carrell in failing to remove the gauze sponge from inside the body of the plaintiff before the incision in his body was closed. The plaintiff's cause of action for the resulting damages accrued at that time. Houston Water Works Co. v. Kennedy, 70 Tex. 233, 8 S.W. 36. The statute of limitation began to run at that time and had run its prescribed course, without interruption, before this suit was brought. The plaintiff's counsel insists that the statute did not begin to run until November 1935, when the plaintiff discovered that the gauze sponge had been left inside his body by Dr. Carrell. The proposition which lies at the bottom of this contention is to the effect that the relation between a surgeon and his patient involves trust and confidence, therefore fraudulent concealment is imputed to Dr. Carrell because of his failure to inform the plaintiff that the gauze sponge had been left inside the plaintiff's body. The proposition is essentially unsound. In conducting a surgical operation on his patient, and in respect to any treatment he may administer, a surgeon is under the duty to exercise due care. His failure to discharge this duty constitutes negligence and therefore is wrongful—but the failure does not, of itself, constitute fraud or expose the surgeon to the imputation of fraudulent concealment. Among other essential ingredients, a fraudulent concealment in cases of this sort includes, first, actual knowledge of the fact that a wrong has occurred, and, second a fixed purpose to conceal the wrong from the patient. Neither of these ingredients appears from the allegations of the plaintiff's petition. The trial court did not err in sustaining the special exception in question and in dismissing the suit."

See also McFarland v. Connally, Tex.Civ.App., 252 S.W.2d 486; Crawford v. Davis, Tex.Civ.App., 148 S.W.2d 905; Wright v. Bida, Tex.Civ.App., 359 S.W.2d 661 and the cases cited in all of the cases here cited. We are of the opinion the above cited cases have definitely determined the points involved herein and overrule the two points here presented.

Judgment of the trial court is affirmed.