Dorothy GADDIS et vir, Appellants,

v.

William C. SMITH et al., Appellees.

No. 7646.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 10, 1966.

Rehearing Denied Nov. 14, 1966.

**874**

Huff & Bowers, Lubbock, Robert W. Gauss, Lubbock, of counsel, for appellants.

Crenshaw, Dupree & Milam, Evans, Pharr, Trout & Jones, Lubbock, Max C. Addison and David Hughes, Lubbock, of counsel, for appellees.

DENTON, Chief Justice.

This is a malpractice case. Suit was brought by Dorothy Gaddis and her husband against Dr. William C. Smith and Dr. Stuart Nemir, Jr. for damages for personal injuries suffered by the plaintiff as a result of a surgical operation performed by the defendants. Plaintiffs alleged the defendants performed a Caesarean Section upon Mrs. Gaddis on January 7, 1959 and that during such operation the defendants negligently left a surgical sponge inside her body. This suit was filed February 21, 1964. Both defendants invoked the two-year statute of limitations by their answers and by motions for summary judgment. The trial court granted the motions for summary judgment.

The plaintiffs' pleadings alleged the defendants performed an operation upon Mrs. Gaddis on January 7, 1959. She experienced an apparent uneventful recovery and had no complaints until she was examined by another doctor in 1963 when she complained of backaches. Shortly thereafter, on October 10, 1963, the doctor discovered and removed a surgical sponge when he performed another operation.

The issues here, namely, that the pleadings, motions and depositions raised a material issue of fact; and the application of the two-year statute of limitations deprived plaintiffs of a property right without due process of law, have been settled by the Supreme Court. Stewart v. Janes, Tex. Civ.App., 393 S.W.2d 428 (Writ.Ref.) is squarely in point here and involved substantially the identical fact situation and questions of law. The court held the trial court properly granted a summary judgment. A Writ of Certiorari was denied in that case by the United States Supreme Court on March 28, 1966. The Stewart case followed Carrell v. Denton (Tex.Comm. App.), 138 Tex. 145, 157 S.W.2d 878 (Opinion adopted), which held that where suit is based on negligence in failing to remove a gauze sponge from the body of the plaintiff the cause of action accrued at that time, notwithstanding the plaintiff's ignorance of such fact until some four years later. There were no allegations in the petition sufficient to toll limitations. Wright v. Bida (Tex.Civ.App.) 359 S.W.2d 661.

The judgment of the trial court is affirmed.