Dorothy GADDIS et vir, Petitioners,

v.

William C. SMITH et al., Respondents.

No. A–11825.

Supreme Court of Texas.

July 5, 1967.

Rehearing Denied July 26, 1967.

Huff & Bowers, Robert W. Gauss, Lubbock, for petitioners.

Crenshaw, Dupree & Milam, Max C. Addison, Evans, Pharr, Trout & Jones, Charles B. Jones and David Hughes, Lubbock, for respondents.

HAMILTON, Justice.

This is a summary judgment case, wherein petitioners, a patient and her husband, sued respondents, two doctors, for damages allegedly resulting from leaving a surgical sponge inside the patient's body while performing a Caesarean Section.

Petitioner Dorothy Gaddis and her husband filed suit against respondents on February 21, 1964. They alleged that respondents performed the Caesarean Section upon Mrs. Gaddis on or about January 7, 1959. After a long period of increasing internal pain Mrs. Gaddis submitted to surgery in California in 1963, for what was believed to be a tumor. It was discovered that she did not have a tumor, but that a surgical sponge had been left inside her body, allegedly after the surgery in 1959. Petitioners further pled that Mrs. Gaddis had no knowledge, and no way of knowing, that a surgical sponge had been left inside her body until it was actually discovered in October of 1963.

Respondents answered, interposing the two-year statute of limitations as an affirmative defense. The trial court granted respondents' motion for summary judgment, and the Court of Civil Appeals affirmed, holding that the statute commenced to run from the date of the operation. 407 S.W.2d 873. We reverse the judgments of the trial court and Court of Civil Appeals and remand the cause for trial.

■ This case requires that we reexamine our holdings in Carrell v. Denton, 138 Tex. 145, 157 S.W.2d 878 (1942), and Stewart v. Janes, 393 S.W.2d 428 (Tex.Civ. App.1965, writ ref'd.). These cases hold that a cause of action accrues[1] when the incision is closed, rather than when the negligent act is or should have been discovered.

■ In determining the proper event which starts the period of limitation running in an action of this nature, we are confronted with conflicting policies. The purpose of statutes of limitations is to compel the assertion of claims within a reasonable period after their origin, and while the evidence upon which their enforcement or resistance rest is yet fresh in the minds of the parties or their witnesses. Harrison Machine Works v. Reigor, 64 Tex. 89 (1885). On the other hand, the nature of negligence actions of this type is such that it is often difficult, if not impossible, to discover that a foreign object has been left within the body within the statutory period of limitation.

A growing number of the courts of other states are embracing what has become known as the "discovery rule" in this particular kind of case: "Where a foreign substance is negligently left in a patient's body by a physician * * * and the patient is in ignorance of the fact, and consequently of his right of action for malpractice, the limitation period does not begin to run on said action until the patient learns of or, in the exercise of reasonable care and diligence, should have learned of the presence of such foreign substance in his body." Seitz v. Jones, 370 P.2d 300 (Okl. Sup.1961). The latest case to which our attention has been invited is Berry v. Branner, 421 P.2d 996 (Or.Sup.1966). There the court cited some fourteen jurisdictions which had held that the statute of limitations in malpractice cases commenced

1. Art. 5526, Vernon's Ann.Civ.St.: "There shall be commenced and prosecuted within two years after the cause of action shall have *accrued*, and not afterward, all actions or suits in court of the following description: * * * Action for injury done to the person of another." (Emphasis added.)

to run from discovery, or the time discovery could reasonably have been made. See, for example, Billings v. Sisters of Mercy of Idaho, 86 Idaho 485, 389 P.2d 224 (1964); Johnson v. St. Patrick's Hospital, 417 P.2d 469 (Mont.Sup.1966); Fernandi v. Strully, 35 N.J. 434, 173 A.2d 277 (1961); Morgan v. Grace Hospital, Inc., 149 W.Va. 783, 144 S.E.2d 156 (1965); Waldman v. Rohrbaugh, 241 Md. 137, 215 A.2d 825 (1966). This is but one of several theories by which the hardships created by a strict adherence to the rule announced in Carrell v. Denton have been alleviated. As stated in Billings v. Sisters of Mercy of Idaho, supra, 389 P.2d 232:

"Indeed, it appears that most jurisdictions, when faced with the set of facts we have presented herein would, on one theory or another, allow appellants to come into court and present their claims. To apply the label of 'general rule' to respondents' position and minority rule to the discovery doctrine is not only misleading but erroneous. If, however, it is necessary to apply labels, it appears that the so-called 'general rule' as stated in A.L.R. is in fact the minority rule."

In 1942 this Court rejected the "discovery rule" in Carrell v. Denton, 138 Tex. 145, 157 S.W.2d 878 (1942). In 1965 we again approved this holding when we gave an unqualified refusal to the application for writ of error in Stewart v. Janes, 393 S.W.2d 428 (Tex.Civ.App.1965). In *Carrell* this Court held that the patient's cause of action accrued at the time the incision in his body was closed, relying on Houston Water Works Co. v. Kennedy, 70 Tex. 233, 8 S.W. 36 (1888). *Houston Water Works* was an action to recover damage alleged to have resulted from injury to a house owned by plaintiff, allegedly caused by the cutting of an arch by the water works company in placing a water-pipe in the building. The arch was cut on July 24, 1884, and the action was not brought until September 21, 1887, but it was brought within two years after the settling of the corner of the house and cracking of the walls. The cutting of the arch was unknown to the plaintiff until inquiry was made as to the cause of injury to the walls. The Court held that the cause of action accrued when the arch was cut:

"When an act is in itself lawful as to the person who bases an action on injuries subsequently accruing from, and consequent upon, the act, it is held that the cause of action does not accrue until the injury is sustained. * * * If, however, the act of which the injury was the natural sequence was a legal injury,—by which is meant an injury giving cause of action by reason of its being an invasion of a plaintiff's right,—then, be the damage however slight, limitation will run from the time the wrongful act was committed, and will bar an action for any damages resulting from the act, although these may not have been fully developed until within a period less than necessary to complete the bar." 8 S.W. 37.

We do not understand the Houston Water Works case as holding that inability to know of the act of negligence will not under any circumstances postpone the running of the statute of limitations. That case is usually cited for the proposition that where an act causing damage to another's property is originally lawful, the cause of action does not accrue until the injury occurs; but where the act is originally unlawful, the cause of action accrues at the time of the act. See Tennessee Gas Transmission Co. v. Fromme, 153 Tex. 352, 269 S.W.2d 336 (1954); Stillwell v. City of Fort Worth, 140 Tex. 560, 169 S.W.2d 486 (1943); Parsons v. Uvalde Electric Light Co., 106 Tex. 212, 163 S.W. 1, L.R.A.1916 E, 960 (1914); Austin & N. W. Ry. Co. v. Anderson, 79 Tex. 427, 15 S.W. 484 (1891).

■ Texas Courts have not invariably ignored the inability to know of the existence of the cause of action in determining when such cause of action accrues. For example, a cause of action based on actionable fraud accrues when the fraud is discovered, or by the exercise of reasona-

ble diligence should have been discovered. Wise v. Anderson, 163 Tex. 608, 359 S.W. 2d 876 (1962); Quinn v. Press, 135 Tex. 60, 140 S.W.2d 438, 128 A.L.R. 757 (1940); American Indemnity Co. v. Ernst & Ernst, 106 S.W.2d 763 (Tex.Civ.App.1937, writ ref'd); Glenn v. Steele, 141 Tex. 565, 61 S.W.2d 810 (1933). In an action for damage to plaintiff's land from water seepage, it has been held that the cause of action accrues when the injury becomes apparent, or should have been discovered by due diligence on the part of the party affected by it. Beck v. American Rio Grande Land & Irrigation Co., 39 S.W.2d 640 (Tex.Civ. App.1931, writ ref'd); Crawford v. Yeatts, 395 S.W.2d 413 (Tex.Civ.App.1965, writ ref'd n.r.e.); Geochemical Surveys v. Dietz, 340 S.W.2d 114 (Tex.Civ.App.1960, writ ref'd n. r. e.); Gulf Oil Corporation v. Alexander, 291 S.W.2d 792 (Tex.Civ.App. 1956, writ ref'd n.r.e.).

Other jurisdictions have recognized the "discovery rule" in certain analogous situations. A striking example is the case of Lewey v. H. C. Frick Coke Co., 166 Pa. 536, 31 A. 261, 28 L.R.A. 283 (1895). There the defendant by use of tunnels removed a quantity of coal from under the plaintiff's land. The coal removed was brought to the surface through the defendant's pits or openings on its own lands, and used or disposed of as its own. The plaintiff had no knowledge of the trespass upon him or the removal of his coal, and no means of knowledge within his reach. The statute of limitations would have barred his action if it began to run from the time of the taking; the action was timely filed if it ran from the date of discovery. The Court held that the statute of limitations commenced to run when the trespass was known or could have been known to the plaintiff:

"To require an owner, under such circumstances, to take notice of a trespass upon his underlying coal at the time it takes place, is to require an impossibility; and to hold that the statute begins to run at the date of the trespass is in most cases

to take away the remedy of the injured party before he can know that an injury has been done him. A result so absurd and so unjust ought not to be possible." 31 A. 261, 263.

It was held in Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949), that a locomotive fireman's cause of action filed under the Federal Employers' Liability Act based on his contracting silicosis was not barred by the three year statute of limitations (45 U.S.C. § 56) when he did not know and should not have known that he had contracted the disease more than three years before filing suit.

■ Causes of action based upon the alleged negligence of a physician in leaving a foreign object in his patient's body are proper subjects for the "discovery rule." All of the procedures for placing objects in and removing them from the body are in the control of the surgeon. It is a virtual certainty that the patient has no knowledge on the day following the surgery—nor for a long time thereafter—that a foreign object was left in the incision. Courts out of necessity have made exceptions in order to do justice. Accordingly, we hold that the cause of action for the negligent leaving of a foreign object in a patient's body by a physician accrues when the patient learns of, or, in the exercise of reasonable care and diligence, should have learned of the presence of such foreign object in his body. Carrell v. Denton, supra, and Stewart v. Janes, supra, are overruled.

We are not unmindful of the arguments that can be and have been made disapproving of the result we have reached here. Respondents contend that this decision will have the effect of obliterating the statute of limitations, not only in medical malpractice actions, but other tort actions as well. The best reply is found in Fernandi v. Strully, 35 N.J. 434, 173 A.2d 277, 285, 286 (1961):

"'[T]he question when a cause of action accrues is a judicial one, and to

determine it in any particular case is to establish a general rule of law for a class of cases, which rule must be founded on reason and justice.' "

"In the absence of legislative definition and specification, the * * * courts have often been called upon to delineate the statute; they have conscientiously sought to apply it with due regard to the underlying statutory policy of repose, without, however, permitting unnecessary individual injustices. In some instances they have determined that the period of limitations may justly be said to begin to run at a fixed date not necessarily related to the earlier date of the wrong and injury.

* * * In many other instances they have invoked their equitable powers to preclude unjust assertions of the bar of limitations.

* * * In still other instances they have declined to find the bar inapplicable though the plaintiff admittedly knew nothing about the cause of action until shortly before the institution of his action; in reaching this result they were not unaware of the individual injustice to the plaintiff but presumably determined that, on balance, it was outweighed by the need for repose and the danger that a different approach might undermine the statutory goal. * * * For present purposes we need not question these instances for we are satisfied that the case at hand falls within a special grouping or 'class of cases' * * * where the period of limitations may and should fairly and justly be said to begin to run when the plaintiff knows or has any reason to know about the foreign object and the existence of the cause of action based upon its presence * *.'"

It should be noted that our holding here is limited to causes of action in which a physician leaves a foreign object in the body of his patient.

It has been argued that the accrual of this cause of action cannot be distinguished from that received by a person in an automobile accident who is apparently uninjured but years later discovers that the slight trauma produced cancer. See dissenting opinion in Berry v. Branner, 421 P.2d 996, 1001 (Or.Sup.1966). However, the instant case involves the inability to know of the negligent act of leaving a sponge in the patient's body, while the cancer producing trauma results from the negligent operation of an automobile which act is readily apparent at the moment of impact.

It is contended also that while the plaintiff's essential evidence to establish a cause of action may well be preserved indefinitely, the defense may be badly hurt by the disappearance of witnesses or dimmed recollections through the passage of time. See dissenting opinion in Fernandi v. Strully, 35 N.J. 434, 173 A.2d 277, 286 (1961). Nevertheless, this is a peculiar type of case which is not particularly susceptible to fraudulent prosecution; furthermore, the disadvantage to the defendant is overbalanced by the shocking results of the contrary rule which would bar a plaintiff from recovery when he could not know of the wrongful act until after the period of time prescribed by the statute of limitations had run.

█ Respondents assert by way of counterpoint that the trial court correctly rendered judgment in their favor on motion for summary judgment, because there was no material fact issue raised and defendant was entitled to judgment as a matter of law. Mrs. Gaddis admitted on deposition that she had an appendectomy when she was eighteen years old. Respondents contend that all the record shows is that Mrs. Gaddis had two previous operations, one in 1943 and one in 1959, and that the sponge could have been left in either operation; only by pure speculation, guess and conjecture could a jury find that the sponge was left by these respondents in the 1959

operation rather than by another doctor in the 1943 operation.

■ Respondents cite in support of their contention cases exemplified by Bowles v. Bourdon, 148 Tex. 1, 219 S.W.2d 779, 13 A.L.R.2d 1 (1949), which case held *inter alia* that it is not sufficient to show that what the alleged tortfeasor did was not a probable but only a possible cause of the injury. The Bowles case does not control our question here. By filing this motion for summary judgment respondents assumed the burden of showing as a matter of law that petitioners have no cause of action against them. Neigut v. McFadden, 257 S.W.2d 864 (Tex.Civ.App.1953, writ ref'd n.r.e.); Parmlee v. Texas & New Orleans Railroad Company, 381 S.W.2d 90 (Tex.Civ.App.1964, writ ref'd n.r.e.); Mc-Gee v. Phillips Petroleum Company, 373 S.W.2d 773 (Tex.Civ.App.1963, writ ref'd n.r.e.). All doubts as to the existence of a genuine issue as to a material fact are resolved against respondents. Great American Reserve Ins. Co. v. San Antonio Pl. Supply Co., 391 S.W.2d 41 (Tex.Sup.1965); Gulbenkian v. Penn., 151 Tex. 412, 252 S.W.2d 929 (1952). We conclude that the fact that Mrs. Gaddis underwent an appendectomy in 1943 does not discharge respondents' burden to show that petitioners have no cause of action against them. Respondents' counterpoint is overruled.

■ Respondents further assert that petitioners have waived their points of error contending that the cause of action accrues at the date of discovery, or the date the negligent act should have been discovered, and that a material issue of fact was raised, because said points of error were not briefed before this Court. Petitioners' points are grouped together for argument. Petitioners contend therein that the so-called "discovery rule" should be adopted. The foregoing is sufficient to preserve the above questions on appeal. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478 (1943).

We reverse the judgments of the Court of Civil Appeals and the trial court, and remand the cause for trial.

GRIFFIN and WALKER, JJ., dissenting.

## DISSENTING OPINION

GRIFFIN, Justice.

I respectfully dissent.

The majority opinion herein sets aside and annuls Art. 5526, Vernon's Ann.Civil Statutes, which provides: "There shall be commenced and prosecuted within *two* years after the cause of action shall have accrued, *and not afterward,* all actions or suits in court of the following description: * * * [a]ction for *injury done to the person of another."* (All emphasis herein that of the writer.) The statute does not mention *discovery of the injury.* The majority insert these words in the legislative enactment.

No serious contention is made by any party to this litigation that the date of this injury to the plaintiff was any other date than the date when the surgeon operated on plaintiff and left the sponge inside her body. That act was an unlawful act, an assault upon plaintiff, and was the date she was injured. The record in this case shows that plaintiff suffered pains in the abdominal region for some time prior to the discovery that the sponge was in her body. Were these pains not injuries to her, resulting from the unlawful act of the surgeon in leaving the sponge in her body?

The true rule is that quoted by the majority opinion from the case of Houston Water Works v. Kennedy, 70 Tex. 233, 8 S.W. 36 (1888) and is as follows:

"When an act *is in itself lawful as to the person* who bases an action on injuries subsequently accruing from, and consequent upon, the act, it is held that the cause of action does not accrue until

the injury is sustained. * * * *If, however, the act of which the injury was the natural sequence was a legal injury*—by which is meant an injury giving cause of action by reason of its being an invasion of a plaintiff's right— then, be the damage however slight, *limitation will run from the time the wrongful act was committed,* and will bar an action for any damages resulting from the act, although these may not have been fully developed until within a period less than necessary to complete the bar." 8 S.W. 37. See also 54 C.J.S. Limitations of Actions § 168, pp. 122–123, and authorities therein cited.

According to the majority opinion, thirty-five of the fifty states in the United States recognize this rule, while only fifteen recognize the rule of the majority opinion.

There can be no distinction between this case and any other personal injury action wherein it is claimed an injury was received many years prior to its discovery. A hypodermic needle, or a part thereof, is broken and left in the body during a single injection of medicine administered by a hypodermic syringe. The needle is sterile and for years causes no pain. After many years the needle begins to move and gets into the blood stream and lodges in a joint of the body causing stiffness and loss of use. The present case allows recovery against whichever doctor or nurse plaintiff elects to sue, who at any previous time gave plaintiff an injection and plaintiff alleges left the broken needle in plaintiff's body. All of defendant's records have been lost, misplaced, or destroyed over the intervening years. Evidence is not now available and memories cloudy.

Another example: Two parties in different automobiles have what then seems to be a relatively minor collision. Medical examination of all parties shows only minor injuries from which all parties recover. Litigation results within the two-year statute, and a recovery is had. Many years later one of the parties develops tuberculosis from a sliver of rib in the lungs. Testimony is offered that this sliver entered one lung as a result of the wreck and caused the tuberculosis. The witnesses to the wreck have moved away and are not now available. Despite the previous suit and recovery, additional recovery is permitted under the "discovery" rule of the majority. Res judicata does not apply, for the reason that at the time of the first litigation the present plaintiff did not know of this tuberculosis and therefore could not have pleaded it as a part of the cause of action.

This "discovery" doctrine will lead to hopeless confusion and leave liability open without any limitation "cut off" point. The Legislature has established a "cut off" point, and this Court has no right to pass legislation changing the statute of limitations.

Only two years ago in the action of this Court in giving an unqualified refusal to Stewart v. Janes (Tex.Civ.App., 1965), 393 S.W.2d 428, we refused to follow the philosophy of the majority opinion. I see nothing that has happened in the last two years to call for a different result.

I would affirm the judgment of the Court of Civil Appeals.

DISSENTING OPINION

WALKER, Justice.

I respectfully dissent. Although petitioner did not know it, she undoubtedly had a cause of action from the moment the foreign object was left in her body. The courts in Carrell v. Denton, 138 Tex. 145, 157 S.W.2d 878, and Stewart v. Janes, Tex. Civ.App., 393 S.W.2d 428 (wr. ref.), simply held that the cause of action accrued when it did accrue and then gave effect to the plain provisions of Article 5526. This approach produces harsh results in some instances, but the statute is not ambiguous and its application to the facts of this case

has been squarely and repeatedly decided in a manner that seems to carry out the legislative intent as reflected by the terms of the act. In my opinion that should put the matter at rest as far as the courts are concerned. It is then for the Legislature to determine whether and how the statute is to be amended to take care of special hardship cases. Until the Legislature directs otherwise, therefore, I would adhere to the rule laid down in *Carrell* and *Stewart*.