**CONTEMPORARY PROPERTIES, INC., Appellant,**

v.

**The CITY OF MESQUITE, Appellee.**

**No. 5251.**

Court of Civil Appeals of Texas, Eastland.

Feb. 8, 1979.

Rehearing Denied March 8, 1979.

Walter W. Leonard, Parnass & Bond, Irving, for appellant.

Elland Archer, City Atty., Mesquite, for appellee.

RALEIGH BROWN, Justice.

This summary judgment case concerns the tolling of the statute of limitations by the "discovery rule."

Contemporary Properties, Inc. sued the City of Mesquite for damages allegedly arising out of the "willful, wrongful, abusive corruption of office on the part of the defendant and its agents, servants and employees." Summary judgment was granted on behalf of the City of Mesquite because Contemporary's claim was barred by Article 5526, Tex.Rev.Civ.Stat.Ann. (1978). Contemporary Properties' appeals. We affirm.

On or about May 1, 1972, Contemporary Properties undertook to develop a townhouse project within the corporate limits of the City of Mesquite. Proper zoning for the project was approved and Contemporary applied for the necessary building permits applicable to the City of Mesquite's rules and regulations.

Contemporary alleged that from the beginning of the project it encountered difficulties with the office of the building inspector of the City. It alleged that it was unable to obtain permission to proceed with construction until it had put in all streets, utilities, and subsurface drainage instead of surface drainage as was normally required. Contemporary further alleged that the City of Mesquite, acting through its office of building inspector, required it to use concrete in the streets rather than asphalt which had been customarily used for streets. Such requirements necessitated the expenditure of large sums of money before construction could be started. Because of the excessive demands, Contemporary alleged it was financially unable to continue construction of the project and abandoned it at a time when it had eighteen unfinished units under construction.

Contemporary contended that at the time of construction in 1972 the requirements imposed upon it were not imposed upon other builders, contractors, and developers; that the City, by requiring it to construct streets and utilities prior to construction, caused the utilities, streets and drainage work to become dedicated to the City of Mesquite upon abandonment. Such results allegedly constituted a taking of Contemporary's property without just or due compensation. Furthermore, Contemporary alleged that the actions of the City constitute a unreasonable interference with its right to use and develop its property, all to its damage.

In its sole point of error, Contemporary urges that "the trial court erred in granting the motion for summary judgment because

the City of Mesquite failed to establish as a matter of law that there were no material issues of fact."

This action was filed on January 9, 1978. Contemporary's allegation of injury occurred in 1972, at least five years prior to the filing of its cause of action. The City of Mesquite asserted that Contemporary's cause of action was barred by limitations. Contemporary argued that its cause of action did not accrue until it actually discovered, or in the exercise of reasonable care should have discovered, the existence of the cause of action. In support of its position, Frank Meier, an officer of Contemporary, by affidavit said in part:

In February or March, 1976, I received information concerning acts and conduct of officials of The City of Mesquite which made the basis for the allegations contained in the Plaintiffs' Original Petition. This was the first time I had ever been told that we had been treated differently by the City of Mesquite than other builders and other contractors had been treated. This was the first information of any kind that I have ever received. Subsequent to receiving such information, further investigations were made that lead up to and resulted in the filing of the present cause of action.

Considering the application of statutes of limitations and the "discovery rule," the court in *Robinson v. Weaver*, 550 S.W.2d 18 (Tex.1977) said:

For the purposes of application of statutes of limitations, a cause of action generally can be said to accrue at the time when facts come into existence which authorize a claimant to seek a judicial remedy. *Williams v. Pure Oil Company*, 124 Tex. 341, 78 S.W.2d 929 (1935). In personal injury actions, this means when the wrongful act effects an injury, regardless of when the claimant learned of such injury. An exception to this rule of accrual has been applied by this and many other courts in some situations in which a claimant was unable to know of his injury at the time of actual accrual; the exception is known as the "discovery rule."

.　　　.　　　.　　　.　　　.

The result in "discovery rule" cases like *Gaddis* [*Gaddis v. Smith*, 417 S.W.2d 577 (Tex.)], *Hays v. Hall* [488 S.W.2d 412 (Tex.)] and *Grady v. Faykus* [530 S.W.2d 151 (Tex.Civ.App.)] stems from the recognition of the purposes of statute of limitations; and, at the same time, recognition of what is not the statutes' purpose, but an unfortunate, occasional by-product. The primary purpose of a statute of limitations is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds. *Price v. Estate of Anderson*, 522 S.W.2d 690 (Tex.1975); *Hallaway v. Thompson*, 148 Tex. 471, 226 S.W.2d 816 (1950). Statutes of limitations are not directed to the merits of any individual case, they are a result of the legislative assessment of the merits of cases in general. The fact that a meritorious claim might thereby be rendered nonassertible is an unfortunate, occasional by-product of the operation of limitations. All statutes of limitations provide *some* time period during which the cause of action is assertible. However, preclusion of a legal remedy alone is not enough to justify a judicial exception to the statute. The primary purpose of limitations, to prevent litigation of stale or fraudulent claims, must be kept in mind. See Note, 30 Sw.L.J. 950 (1976).

The "discovery rule" has been applied in a limited fashion in Texas. It has been applied to toll limitations in medical malpractice cases. *Gaddis v. Smith*, 417 S.W.2d 577 (Tex.1967); *Hays v. Hall*, 488 S.W.2d 412 (Tex.1973). It has also been applied in fraud cases, *Ellison v. McGlaun*, 482 S.W.2d 304 (Tex.Civ.App.—Amarillo 1972, writ ref'd n. r. e.), and in some limited defamation cases. *Kelley v. Rinkle*, 532 S.W.2d 947 (Tex.1976). We must decide whether it should be extended to the type of suit under consideration.

In making such a determination, the court in *Southwest Bank & Trust Company v. Bankers Commercial Life Ins. Co.,* 563 S.W.2d 329 (Tex.Civ.App.—Dallas 1978, writ ref'd n. r. e.) said:

> In deciding whether it should be so extended, we must apply the balancing test employed in *Robinson v. Weaver,* 550 S.W.2d 18, 19 (Tex.1977), and *Gaddis v. Smith,* supra. These cases balanced the underlying statutory policy of repose against the injustice created by barring the type of suit under consideration. In striking the balance, our supreme court has considered:
>
> (1) The nature of the plaintiff's case, and the type of evidence required to establish and defend the claim;
>
> (2) The length of the limitations period in question, and the wrongful act's susceptibility to discovery within that period; and
>
> (3) The susceptibility of cases to fraudulent prosecution if limitation is tolled.

Assuming that Contemporary has alleged a valid cause of action against the City of Mesquite, we see no reason to extend the "discovery rule." Contemporary has not alleged any act on the part of the City, its agents, servants or employees, which prevented it from discovering any alleged wrongful acts on their part. Nor has Contemporary alleged any allegations of fraud. The court in *Hurbrough v. Cain,* 571 S.W.2d 216 (Tex.Civ.App.—Tyler 1978, no writ) quoting 37 Tex.Jur. Limitations of Actions, sec. 79, p. 220, said:

> Where plaintiffs' pleading shows on its face that the suit was not filed within the statutory period, plaintiff is required "to allege such wrongful conduct," as against the plea of limitation, as will entitle him to recover; and mere failure to disclose a cause of action, or mere concealment, is not fraudulent concealment. *Owen v. King,* 130 Tex. 614, 111 S.W.2d 695, 696. It is incumbent upon plaintiffs to "either allege a fraudulent concealment" or facts which in law would take the cause of action out of the bar of the statute. *Luling Oil & Gas Co. v. Humble Oil & Refin-*

*ing Co.,* 144 Tex. 475, 191 S.W.2d 716, 723." *Shipp v. O'Dowd, supra* [454 S.W.2d 845 (Tex.Civ.App.)].

On balance, we hold the "discovery rule" should not apply to toll the statute of limitations in the case at bar. See *Minyard v. Southern Pipe & Supply Co., Inc.,* 563 S.W.2d 332 (Tex.Civ.App.—Dallas 1978, writ filed).

The court in *Zale Corporation v. Rosenbaum,* 520 S.W.2d 889 (Tex.1975) said:

> When summary judgment is sought on the basis that limitations have expired, it is the movant's burden to conclusively establish the bar of limitations.

Our examination of the pleadings and the summary judgment proof establish that without the application of the "discovery rule," the City of Mesquite has conclusively established that Contemporary is barred by limitations in its cause of action.

The judgment of the trial court is affirmed.