Reversed and Remanded and Majority and Dissenting Opinions filed
February 19, 2004









 

Reversed and Remanded and Majority and Dissenting
Opinions filed February 19, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00638-CV

____________

 

ROGER DIXON, Appellant

 

V.

 

E.D. BULLARD
COMPANY and LONE STAR INDUSTRIES, INC., Appellees

 



 

On Appeal from the 129th
District Court

Harris County, Texas

Trial Court Cause No. 2000-12363

 



 

D I S S E N T I N G   O P I N I O N

Indulging, as I must, all reasonable
inferences in favor of appellant, I see no fact issue precluding summary
judgment.








The summary judgment proof reflects
appellant began having shortness of breath in the early 1990=s.  The condition became so disabling that
appellant allegedly could not work after April 1, 1990.  In 1996, appellant was admitted to the
hospital suffering from sudden nausea, vomiting, shortness of breath, and a
cough with green sputum.  At that time,
appellant admitted to having a history of Abad chest x-rays@ and to having
worked as a sandblaster for twelve years. 
Appellant was hospitalized for almost a week from November 29 through
December 5, 1996.  The record indicates
his physicians were not certain whether appellant was suffering from pneumonia,
tuberculosis, silicosis, or a combination of these ailments.  However, when he was discharged, appellant
was instructed to Afollow-up@ at the Tulsa
County Health Department Tuberculosis Clinic. 
Apparently, appellant made no attempt to follow-up or otherwise seek a
definitive diagnosis of his ailment.

In July of 1997, appellant underwent
surgery for an inguinal hernia.  X-rays
taken before surgery again indicated a lung abnormality.  Tests conducted at that time proved the lung
problem was not due to tuberculosis. 
However, again appellant did not seek a more definitive diagnosis of the
problem.   As appellant=s own expert
witness characterized the situation, appellant Awas having
problems with shortness of breath in the 1990=s but did not
understand why or do much in the way of evaluation.@  (Emphasis added.)

The primary purpose of a statute of
limitations is to compel the exercise of a right of action within a reasonable
time so that the opposing party has a fair opportunity to defend while witnesses
are available and the evidence is fresh in their minds.  Robinson v. Weaver, 550 S.W.2d 18, 20
(Tex. 1977).  Here, if appellant=s health was
injured by the appellees, the injury occurred in the 1980=s.  Appellant did not file suit until March 8,
2000Cmore than twenty
years after the alleged tort.  To toll
the statute of limitations, appellant relies upon the Adiscovery rule.@  Under such rule, the limitation period does
not begin to run until appellant learns of or, in the exercise of reasonable
care and diligence, should have learned of the injury.  Gaddis v. Smith, 417 S.W.2d 577, 578
(Tex. 1967) (emphasis added).








While I agree there may well be a fact
issue regarding whether appellant was told he was suffering from silicosis in
1996, I think there is no question that appellant failed to exercise reasonable
care and diligence in pursing the nature and cause of his breathing
difficulties.  Accordingly, I agree with
the trial courtCappellant=s cause of action
is barred by limitations.  For this
reason, I respectfully dissent.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Majority and Dissenting Opinions filed February 19, 2004.

Panel
consists of Justices Yates, Hudson, and Fowler.