## No. 9886.

### ROSE *v.* THE AGRICULTURAL DITCH & RESERVOIR CO.

Decided November 3, 1921. Rehearing denied December 5, 1921.

Action for damages to land occasioned by seepage from a reservoir. Action held barred by statute of limitations.

*Affirmed.*

1. LIMITATIONS—*Action for Damage by Seepage.* In a claim for damages to land occasioned by seepage from a reservoir, the cause of action accrues at the time the land is first visibly affected by the seepage.

2. APPEAL AND ERROR—*Findings of Trial Court.* A proper finding of the trial court which is sustained by competent evidence will not be disturbed on review.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Messrs. MELVILLE, MELVILLE & WALTON, for plaintiff in error.

Messrs. DUBBS & VIDAL, Messrs. GARWOOD & GARWOOD, for defendant in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

THIS cause is before us on error to a judgment in favor of the defendant, in an action in which the plaintiff in error sought to recover damages for injury to his land from seepage from The Agricultural Ditch, and from Reservoirs Nos. 2 and 3, belonging to said defendant. While the complaint alleged seepage from both ditch and reservoirs, the claim for damages from seepage from the ditch was abandoned at the trial.

The court found that seepage from Reservoir No. 3 had contributed to the injury of plaintiff's land ever since the reservoir was constructed; that before the construction of the reservoirs plaintiff's land had been steadily becoming affected by seepage from the ditch; that the seepage from the reservoirs visibly affected said land more than six years prior to the beginning of the suit, and that the action was, therefore, barred by the statute of limitation.

That seepage had been visible on the land for many years was established by a mass of testimony, some of it being to the effect that a considerable area of the land had been visibly affected by seepage more than twenty years before the trial of the cause, and increasingly so since that time. The case, then, turns upon the question when seepage from the reservoirs became visible. Plaintiff in error contends that the court's finding upon that point is wholly without support in the evidence.

Without conceding that the plaintiff might split his cause of action, as pleaded, and cast upon defendant the burden of showing when seepage from the reservoirs became visible, as distinguished from seepage from the ditch which had for many years been visible, it is sufficient to say that

the record shows abundant evidence to support the court's findings and judgment. The action was begun December 31, 1917, and if seepage from either of the reservoirs was visible at any time in 1911, the action was barred.

Olds, an engineer, testifying for plaintiff, stated that water from Reservoir No. 2 contributes directly to the seepage on plaintiff's land; that it might take anywhere from a week to six months for seepage from Reservoir No. 3 to reach plaintiff's land and that the effect on the ground water plane would probably be manifest six months after the reservoir was filled. Reservoir No. 2 was constructed in August and September 1908 and was partially filled that fall. It was two-thirds filled in 1909 and fully filled in 1910.

No. 3 was built in the fall of 1910, one purpose of its construction being to intercept the seepage from No. 2. It was "pretty well filled" that year.

There is evidence that seepage from the reservoirs was visible immediately after their respective dates of construction, and counsel for plaintiff admitted on the trial that seepage from the reservoirs began in 1910 or 1911. If, as Olds testified, the seepage from No. 3 would be manifest within six months, and it began to seep at any time prior to June 30, 1911, as the evidence tends to show that it did, the court was justified in finding that some part of the visible seepage was due to water escaping from the reservoirs. In any event it is undisputed that seepage was coming from Reservoir No. 2 before 1910, and it would likewise be evident within six months.

It is clear that there was competent evidence upon which the court might properly find as it did. The judgment is accordingly affirmed.

Mr. Chief Justice Scott and Mr. Justice Denison not participating.