### KOLBERG et al. v. HIDALGO COUNTY WATER IMPROVEMENT DIST. NO. 2.

#### No. 10187.

Court of Civil Appeals of Texas. San Antonio.

Dec. 1, 1937.

R. M. Bounds, of McAllen, for appellants.

Strickland, Ewers & Wilkens, R. D. Cox, Jr., and Orville I. Cox, all of Mission, for appellee.

MURRAY, Justice.

This suit was instituted by A. O. Kolberg, Lester Kolberg, and Marvin Kolberg, the latter two suing through their father, A. O. Kolberg, as their next friend, against Hidalgo County Water Improvement District No. 2, seeking to recover damages to real estate owned by the Kolbergs, and known as lot 13, block 57, Alamo tract in Hidalgo county, claiming the damage to have been caused by seepage from a canal of the defendant district adjacent to the land of the Kolbergs, on the north side thereof.

The trial was to a jury, but at the close of the testimony offered by the plaintiffs below the trial court instructed a verdict in favor of the water district, from which judgment the Kolbergs have appealed.

The question here presented is whether or not the appellants' cause of action is barred by the two-year statute of limitations. The record shows A. O. Kolberg purchased the land involved in this suit on the 1st day of June, 1926, and the canals owned by the appellee water district were in place at the time he purchased the land. The seepage was apparent and known to Kolberg in 1931. This fact is clearly established by two letters written by Kolberg, one dated April 28, 1931, and the other, June 8, 1931, to the water district, calling their attention to the seepage and the damage to his forty acres of land. It is true that the seepage had not waterlogged the entire forty acres at the time these letters were written, however, the extent of the seepage known to Kolberg at the time he wrote the letter of June 8, 1931, is shown by the following state-

962

ment: "This land has gone seepy and practically the entire 40 acres is affected, the trees turning yellow and dieing." There is other testimony in the record tending to show that at least a large portion of the damage to the forty acres of land caused by the seepage had occurred more than two years prior to February 14, 1936, the date on which the suit was instituted.

When appellants' land was first visibly affected and injured by seepage from appellee's canals and barrow pits, they had a cause of action against the water district, not only for the damage then inflicted, but for all future damage which might be sustained by reason of the continuation of the seepage, and therefore a suit brought more than two years after the land was visibly affected by the seepage is barred in this state by the two-year statute of limitation. Middlekamp v. Bessemer Irrig. Ditch Co., 46 Colo. 102, 103 P. 280, 23 L.R.A.(N.S.) 795; Rose v. Agricultural Ditch & Reservoir Co., 70 Colo. 446, 202 P. 112; Beck v. American Rio Grande Land & Irrigation Co. (Tex. Civ.App.) 39 S.W.2d 640; Article 5526, R.S.1925.

It was therefore proper for the trial court to instruct a verdict in the water district's favor and to render judgment that plaintiffs below, who are appellants here, take nothing by reason of their suit.

The judgment will therefore be affirmed.