GULF OIL CORPORATION, Appellant,

v.

Bob ALEXANDER, Appellee.

No. 6604.

Court of Civil Appeals of Texas.

Amarillo.

June 4, 1956.

Rehearing Denied June 25, 1956.

David W. Stephens, Jesse P. Luton, Jr., John E. Thomason, Fort Worth, Archie D. Gray, Pittsburgh, Pa., Kiser & Tabor, Levelland, for appellant.

# 794

Allison, Steele & Allison, Levelland, for appellee.

MARTIN, Justice.

Appellee, Bob Alexander, owns a 372 acre farm adjoining the leasehold of appellant, Gulf Oil Corporation. The fresh-water strata underlying appellee's farm and supplying his irrigation well was polluted by the seepage of salt water from a salt water disposal pit constructed and used by appellant in oil and gas operations on its leasehold adjoining appellee's farm land. Appellee sued for damages accruing to him by reason of the pollution of the fresh-water strata as used by him in irrigating his farm lands and recovered judgment in the sum of $22,320. Appellant perfected its appeal based on three points of error.

The undisputed evidence reveals that appellant's disposal of its salt water polluted appellee's supply of irrigation water. But, appellant by its three points of error asserts that it is not liable for appellee's damages by reason of the fact that there is no evidence of any negligence in its disposal of the salt water and that appellee's cause of action is barred by the two year statute of limitations, Vernon's Ann.Civ.St. art. 5526. As to the issue of negligence, appellee asserts that the evidence sustains the jury findings on such issue and, further, that its pleading and proof that appellant violated Rule 20 as promulgated by the Railroad Commission renders appellant liable for the damage accruing to appellee.

■■ Appellant's first point of error alleging there is no evidence to sustain the jury finding that appellants were negligent in disposing of the salt water requires an examination of the record in the light of the applicable rules. The record reveals that a large quantity of salt was deposited in the disposal pit on appellant's leasehold. Appellee relies on this fact as supporting the jury finding of negligence. The evidence also reveals that the top layer of soil in the disposal pit was of a porous nature. On the issue of whether there is any evidence of negligence, the fact that a large quantity of salt was deposited in the disposal pit is not evidence of negligence in itself. The record is wholly silent as to whether this amount of salt was so excessive as compared to the amount of salt deposited in other disposal pits in the oil field as to require appellant to take additional measures to contain the same. There is also no evidence that the soil where the pit was constructed was more porous than the soil in other disposal pits in the oil field and required additional care as to construction of the pit. The undisputed evidence reveals that appellant's method of disposal of the salt water was the universal method of disposal in the oil field in that territory. In fact, like disposal pits were located on appellee's tract of land. Since the uncontroverted evidence establishes that appellant's disposal of the salt water was wholly in conformity with the conduct of such business in that oil field there is no evidence in the cause establishing negligence in its usual sense. Houston & T. C. R. Co. v. Alexander, 103 Tex. 594, 132 S.W. 119.

■■ The above ruling requires the examination of another principle of law as to liability or non-liability under the facts in the cause. Appellee pleaded and proved that Rule 20 as promulgated by the Railroad Commission of Texas makes the following requirement with reference to the disposal of salt water:

"Fresh water, whether above or below the surface shall be protected from pollution, whether in drilling, plugging or disposing of salt water already produced."

It is apparent this rule specifically prohibits the pollution of fresh water by the disposal of salt water without any reference to negligence. Since appellant admits, as established by the undisputed record, that it polluted appellee's fresh water strata with salt water, appellant is liable for such pollution by reason of its violation of Rule 20 above set forth. This principle is recognized in Peterson v. Grayce Oil Company, Tex.Civ.App., 37 S.W.2d 367 (Syl. 3) in the following language: "It is our conclusion that there is no merit in the con-

tention that the alleged violation of Rule 40 of the Railroad Commission could not be made the basis of plaintiffs' asserted right of recovery of actual damages on the ground that the delegation of authority to enact the rule was in violation of the Constitution." This cause was affirmed on other grounds by the Supreme Court in 128 Tex. 550, 98 S.W.2d 781. The same case was likewise cited as an authority by the Supreme Court in Elliff v. Texon Drilling Company, 146 Tex. 575, 210 S.W.2d 558 (Syl. 2, 3), 4 A.L.R.2d 191. Turner v. Big Lake Oil Company, 128 Tex. 155, 96 S.W. 2d 221, 223, further substantiates the above principle by the following ruling: " '*In the absence* of some positive law forbidding or regulating the keeping or use of the thing, the fundamental question is one of negligence vel non'". (Italics added.)

In the light of the above authorities, it must be observed that the rule at issue in the cause here on appeal is not a legislative enactment but it is a rule duly promulgated by the Railroad Commission of Texas under express authority from the legislature. There is no proof of negligence in the cause other than might arise from the undisputed proof that appellant in polluting appellee's fresh-water strata violated a duty placed on it by Rule 20. Irrespective of any technical discussion of the principles of negligence, it is ruled that the violation of Rule 20 by appellant in polluting the fresh water supply of appellee's irrigation well gave right to the cause of action on the part of appellee for his damage suffered by reason of such violation.

On the issue of limitation, the jury found that salt water from appellant's salt water disposal pit invaded water bearing formations underlying *a part* of plaintiff's land more than two years prior to August 1954. (Italics added.) But, the jury further found that the appellee first discovered the invasion of the subsurface fresh-water strata by salt water on March 1, 1953. Plaintiff's original petition was filed on August 1, 1954. In support of the last finding by the jury the evidence reveals, without dispute, that appellee drilled his irrigation well and used the same for irrigation purposes without the same being polluted in any way by salt water until he discovered the same was first polluted on or about March 1, 1953. It is apparent that had the appellee continued the use of his irrigation well without any salt water ever having intruded the area of strata from which appellee was pumping irrigation water, he would have had no cause for complaint as to any damage to his irrigation water. The two year statute of limitation is applicable to appellee's cause of action for pollution of the subsurface strata of water furnishing his irrigation well. Such statute of limitation began to run on March 1, 1953, the date on which the uncontroverted evidence reveals that appellee discovered that the water as pumped for irrigation was polluted by salt water. The rule as applied here as to pollution of appellee's subsurface strata of water is that limitation ran from the time the injury complained of became apparent or should have been discovered by due diligence on the part of the appellee. Beck v. American Rio Grande Land & Irrigation Co., Tex.Civ.App., 39 S.W.2d 640; Wichita County Water Improvement Dist. No. 1 v. Pearce, Tex.Civ.App., 59 S.W.2d 183; Kolberg v. Hidalgo County Water Improvement Dist., Tex.Civ.App., 110 S.W.2d 961; Cities Service Gas Co. v. Eggers, 186 Okl. 466, 98 P.2d 1114, 126 A.L.R. 1278; Tennessee Gas Transmission Co. v. Fromme, 153 Tex. 352, 269 S.W.2d 336, and like authorities cited by appellant, are not applicable to an issue as to subsurface water pollution by salt water intrusion.

In the light of the court's application of Rule 20, appellant's first point is held to be without merit and overruled. Appellant's second and third points as to limitation are likewise overruled. The judgment of the trial court is affirmed.