543 P.2d 108 (1975)
Paul F. GREENE and Sheryl L. Greene, Plaintiffs-Appellants,
v.
GREEN ACRES CONSTRUCTION CO., a Colorado Corporation, Defendant-Appellee.
No. 74-427.
Colorado Court of Appeals, Div. I.
June 17, 1975.
Rehearing Denied July 15, 1975.
As amended September 23, 1975.
Certiorari Denied December 15, 1975.
*109 Frickey, Cairns, Wylder & Gilliam, P. C., Earl S. Wylder, Denver, for plaintiffs-appellants.
Calkins, Kramer, Grimshaw & Harring, Richard L. Harring, Denver, for defendant-appellee.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Plaintiffs seek recovery for damages as a result of faulty construction of a house built by defendant and sold by it to plaintiffs. Plaintiffs asserted three claims for relief, founded on negligence, strict liability, and breach of an implied warranty of fitness for habitability. All were predicated on improper design and construction of the house. Defendant in its answer asserted several affirmative defenses, and prior to trial moved for summary judgment on the ground that the action was barred by § 13-80-127, C.R.S.1973 (1969 Perm.Supp., C.R.S.1963, 87-1-28(1)) since the action was not brought within two years after the claims for relief arose. The trial court granted the motion. Plaintiffs appeal from the ensuing judgment of dismissal. We reverse.
The facts are undisputed that plaintiffs contracted with defendant to build a house for them on land owned by defendants and that the house was built according to plans and specifications submitted by defendant and accepted by plaintiffs with a few changes requested by plaintiffs. The title to the house and land was transferred to plaintiffs at a closing in February 1967. From the spring of 1967 through 1970 there were problems with surface drainage and puddling in the back yard, which plaintiffs solved by the installation of a tile drainage system. Also, during that period water leaked into the basement cracking the basement floor and spurting up as though under pressure. Although partially corrected by plaintiffs by application of a seal coating in 1971, this condition continued through 1973. In the spring of 1973 cracks began to appear in the first floor of the house. This action was begun on November 2, 1973.
The trial court found that the claims for relief arose in April 1970 when plaintiffs *110 incurred expenses for the laying of the tile drain. It therefore concluded that the action was barred by § 13-80-127, C.R.S. 1973, which provides:
"All actions against any architect, contractor, engineer, or inspector brought to recover damages for injury to person or property caused by the design, planning, supervision, inspection, construction, or observation of construction of any improvement to real property shall be brought within two years after the claim for relief arises, and not thereafter. . . ."
Although it is clear from the evidence before the trial court that the claim for relief had arisen by April 1970, the evidence leaves in dispute the exact date when the claim did, in fact, arise. The exact date is significant here because the statute relied on by defendant and the court was not enacted until 1969, and there is nothing in that statute which indicates that it was to be given retroactive application.[1] Therefore the statute of limitations in effect at the time the claim for relief arose controls. State Highway Department v. Stunkard, 115 Colo. 358, 174 P.2d 346, Valenzuela v. Mercy Hospital, 34 Colo.App. 5, 521 P.2d 1287.
The law is well settled in Colorado that in cases involving damage to land resulting from water seepage the claim for relief arises when the property is first visibly affected by the seepage. Hankins v. Borland, 163 Colo. 575, 431 P.2d 1007, Housing Authority v. Leo A. Daly Co., Colo.App., 533 P.2d 937, 938. "[I]t is not necessary for the final or ultimate damages to be known or predictable before the limitation period commences." Housing Authority, supra. If the present claim for relief arose prior to the effective date of § 13-80-127, C.R.S.1973, then the six year statute, § 13-80-110, C.R.S.1973, controls. Since on the evidence before the court there is doubt as to the date when the claim for relief arose, that doubt must be resolved against the moving party, Abrahamsen v. Mountain States Tel. & Tel. Co., 177 Colo. 422, 494 P.2d 1287, and the motion should have been denied.
We do not agree with appellants' contention that defendant does not fall within the classes of persons protected by § 13-80-127 because defendant is a "builder-vendor." The evidence discloses that plaintiffs admitted that they signed a contract with defendant to build the house for them. Defendant was therefore a "contractor," and thus would be protected by the statute if the claim for relief in fact arose after the effective date of the statute and more than two years prior to the commencement of the action.
Judgment reversed and cause remanded for further proceedings not inconsistent herewith.
COYTE and PIERCE, JJ., concur.
NOTES
[1] Colo.Sess.Laws 1969, ch. 221, 87-1-28, at 697. "Section 2. Saving clause.Nothing in this act shall apply to actions arising prior to its effective date. (June 1, 1969)"