748 P.2d 1349 (1987)
Victor HICKMAN, a/k/a Vic Hickman, and Anita Hickman, Plaintiffs-Appellees,
v.
NORTH STERLING IRRIGATION DISTRICT, Laverne Hailer, Pete Nein and D.R. Pyle, Individually and as Directors of North Sterling Irrigation District, Defendants-Appellants.
No. 85CA0890.
Colorado Court of Appeals, Div. III.
August 27, 1987.
Rehearing Denied September 24, 1987.
Certiorari Denied January 11, 1988.
George A. Epperson, Donald F. McClary, Edward L. Zorn & Andrew F. McClary, Donald F. McClary, Fort Morgan, for plaintiffs-appellees.
Houtchens, Houtchens & Daniel, Jerry C. Daniel, Greeley, for defendants-appellants.
TURSI, Judge.
The defendants, North Sterling Irrigation District and its directors, appeal the judgment entered in favor of plaintiffs, Victor and Anita Hickman. Their principal contention is that the plaintiffs' action is barred by the statute of limitations. We agree and therefore reverse.
The North Sterling Irrigation District operates an irrigation canal and has since 1910. In 1945, the plaintiffs began purchasing property beside the canal. As early as 1948 the plaintiffs complained to the defendants about seepage from the canal. In 1971, the plaintiffs wrote a letter to the defendants complaining that because of excessive seepage from the irrigation ditch they had suffered crop loss and property damage each year since 1969. Mr. Hickman testified that by 1975 the land had been destroyed for the purposes of raising row crops. The plaintiffs converted the use of the property to irrigated pasture.
*1350 The plaintiffs brought this action in March of 1983. In it, they alleged that the defendants were negligent in their construction, enlargement, and maintenance of the canal, causing it to seep excessively and causing the plaintiffs' crop and property damage from 1969 to the date of the complaint.
The defendants answered, asserting, inter alia, that the statute of limitations barred the plaintiffs' action, and moved for summary judgment.
The trial court determined there was a factual dispute whether there had been repeated negligent acts by the defendants causing a continuous trespass and that in such a case the statute of limitations commenced at the time the property was visibly injured following each act. Therefore, concluding that it was a factual issue for the jury to determine when the action accrued, it denied the defendants' motion for summary judgment.
At trial, the jury was instructed to limit any award of damages to the period subsequent to the defendants' negligent act as established by a preponderance of the evidence, and in no event to award damages for injury sustained prior to six years before the action was filed. It was further instructed that if it determined plaintiffs' land was permanently damaged prior to the six years preceding the filing of the action, it was to award nothing for such damage. The jury returned a verdict for the plaintiffs in the sum of $99,504, and judgment was entered thereon.
The defendants assert the trial court erred by failing to apply the six-year statute of limitations as a bar to plaintiffs' action. We agree.
At the time this action arose, all actions for trespass upon land were required by statute to be commenced within six years after the cause of action accrued. Section 13-80-110(1)(e), C.R.S. When a cause of action accrues is a question of law, the formulation of which settles a general rule of law. In seepage cases, the claim accrues on the date the land is first visibly affected and injured by the seepage. Middlekamp v. Bessemer Irrigating Co., 46 Colo. 102, 103 P. 280 (1909). And, if no change has taken place in the manner of the operation of the irrigation ditch, an action may not be brought later than the statutory period by limiting recovery to the portion of damages caused by the seepage during the prior six years. Middlekamp v. Bessemer Irrigating Co., supra.
Here, the trial court ruled the defendants had maintained and operated the irrigation canal in a similar manner and condition throughout its history. Therefore, as a matter of law, the seepage damage constituted a permanent injury and the statute of limitations began to run when the plaintiffs' land was first visibly affected. It is uncontroverted that the plaintiffs wrote to the defendants in 1971 complaining that excessive seepage had been causing damage to their property since 1969. Thus, at the latest, the plaintiffs' property was first visibly affected by the seepage in 1969 and the time for initiating an action ended in 1975. Therefore, the plaintiffs' action commenced in 1983 was barred by the statute of limitations.
The plaintiffs contend this case is controlled by Consolidated Home Supply Ditch & Reservoir Co. v. Hamlin, 6 Colo. App. 341, 40 P. 582 (1894). However, the reasoning in Consolidated Home Supply Ditch & Reservoir Co. was rejected by Middlekamp.
Since we reverse the trial court's judgment on this issue, we do not reach the defendants' remaining contentions.
The judgment is reversed and the cause is remanded with directions to dismiss plaintiffs' complaint with prejudice.
KELLY and CRISWELL, JJ., concur.