Peter F. KOHLER; Christa E. Kohler; Peter F. Kohler Revocable Trust; and Christa E. Kohler Revocable Trust, Plaintiffs–Appellants,

v.

GERMAIN INVESTMENT COMPANY, a Colorado corporation; Clyde Eaton Smith, an individual; David McMahon, an individual; and Conoco, Inc., a Delaware corporation, Defendants–Appellees.

No. 95CA0715.

Colorado Court of Appeals, Division V.

Sept. 26, 1996.

Rehearing Denied Nov. 14, 1996.

Burg and Tapfer, Charles D. Burg, Kim E. Tapfer, Roberts & Zboyan, Ricardo M. Barrera, Denver, for Plaintiffs–Appellants.

Harris, Karstaedt, Jamison & Powers, P.C., A. Peter Gregory, Michael Brice Sullivan, Englewood, for Defendants–Appellees Germain Investment Company, Clyde Eaton Smith, and David McMahon.

Otten, Johnson, Robinson, Neff & Ragonetti, P.C., Hugh Q. Gottschalk, J. Thomas Macdonald, Denver, Conoco Inc., Mark R. Zehler, Houston, Texas, for Defendant–Appellee Conoco, Inc.

Opinion by Judge RULAND.

This is an action to recover damages for underground contamination by petroleum hydrocarbons. Plaintiffs, Peter F. Kohler, Christa E. Kohler, Peter F. Kohler Revocable Trust, and Christa E. Kohler Revocable Trust, appeal from a summary judgment dismissing their claims against defendants, Germain Investment Co., Clyde Eaton Smith, David McMahon (Germain defendants), and Conoco, Inc., based upon the statute of limitations. We affirm in part, reverse in part, and remand for further proceedings.

The record reflects that, until 1978, Conoco owned a filling station located to the east of plaintiffs' commercial property. In that year, the station was sold to the Germain defendants. These defendants continued operation of the station, and sold Conoco gasoline using Conoco signs to designate that product.

In August of 1989, plaintiff Peter Kohler received and reviewed an environmental report prepared in conjunction with a loan application to construct improvements on plaintiffs' property. The report was obtained to determine the presence and the extent of petroleum hydrocarbon contamination, if any, in soil and groundwater because of accidental releases from underground storage tanks located on nearby lots.

The report indicated that the Conoco station was located directly "west" of and adjacent to plaintiffs' property. The authors also noted that a structure housing a travel agency adjacent to the Conoco station had previously been used as the site for a filling station. Finally, the report confirmed that groundwater flowed in a northwesterly direction from the Conoco station under plaintiffs' property.

Based upon subsurface testing, the report concluded that releases of petroleum products had impacted the soil and groundwater on plaintiffs' property and that the testing data implicated underground storage tanks on, or previously on, the adjacent properties as the source of the contamination. The authors also recommended that the owners of "the adjacent Conoco and ... Travel [agency]" sites be notified of the testing results.

Following receipt of the 1989 report, plaintiffs took no action with reference to the contamination. Periodic testing was conducted after 1989 on the storage tanks then owned by the Germain defendants.

Another environmental report on plaintiffs' property was prepared in July of 1993. In that report, the authors noted again the presence of petroleum hydrocarbon contamination. The record reflects that there is an issue of fact whether this contamination was

the result of leaks occurring sometime after December of 1991.

Plaintiffs filed this action on November 22, 1993, asserting that defendants were liable in damages for trespass, negligence, creating a nuisance, and on a theory of strict liability. Following discovery, Conoco and the Germain defendants each moved for summary judgment based upon the two-year statute of limitations contained in § 13–80–102(1)(a), C.R.S. (1987 Repl.Vol. 6A).

The parties filed supporting and opposing affidavits, briefs, and exhibits, and based on those submissions, the trial court granted each motion.

■ In determining whether entry of summary judgment was proper, we must accord plaintiffs, as the non-moving parties, the benefit of all inferences that may be drawn from the undisputed facts. *See Tapley v. Golden Big O Tires,* 676 P.2d 676 (Colo.1983). For the same reason, we must resolve all doubts as to whether an issue of fact exists in favor of plaintiffs. *See Mancuso v. United Bank,* 818 P.2d 732 (Colo.1991). However, if the relevant facts and inferences are not in dispute relative to application of the statute of limitations, that question may be resolved as a matter of law. *See Miller v. Byrne,* 916 P.2d 566 (Colo.App.1995).

I

Plaintiffs contend that the trial court erred in entering summary judgment for Conoco because genuine issues of fact exist whether plaintiffs knew or should have known that Conoco was a responsible party for the contamination. Specifically, plaintiffs point out that Conoco is not shown as a former owner in the 1989 report. In addition, the report incorrectly describes the location of the Conoco station as being west of plaintiffs' property instead of east. Finally, the report suggests that other property owners may be responsible as well. However, we agree with the court's ruling.

Section 13–80–108(1), C.R.S. (1987 Repl. Vol. 6A) provides that a claim for injury to property accrues on the date "both the injury and its cause are known or should have been known by the exercise of reasonable diligence."

■ Here, it is undisputed that the 1989 report discloses the existence of unacceptable contamination levels of petroleum hydrocarbons on plaintiffs' property. Further, as noted, the report confirms that the regional groundwater flows in a northwesterly direction from the Conoco station toward plaintiffs' property. Finally, the report indicates that the contamination may have been caused by "past or current accidental releases from the Conoco [station]."

We conclude, therefore, that, based upon this record, both the injury and its cause were disclosed by the 1989 report sufficient to trigger the commencement date for the statute of limitations as to plaintiffs' claim against Conoco.

Contrary to plaintiffs' contention, the fact that the location of the Conoco station was misstated in the report does not detract from this conclusion because there is only one Conoco station shown in the area and it is clearly designated as "adjacent" to plaintiffs' property. Further, plaintiff Peter Kohler acknowledged in his deposition that he viewed the adjacent Conoco station as probably responsible for the contamination.

■ Next, the fact that various parties may be liable for the contamination does not excuse plaintiffs from the statutory obligation to exercise reasonable diligence in determining the responsible party. *See Tamblyn v. Mickey & Fox, Inc.,* 39 Colo.App. 319, 568 P.2d 491 (1977), *rev'd on other grounds,* 195 Colo. 354, 578 P.2d 641 (1978). Finally, there is nothing in the record to suggest that Conoco attempted in any manner to conceal its former ownership and operation of the station during the limitation period.

We have considered and reject plaintiffs' other arguments for reversal of the summary judgment in favor of Conoco.

II

Plaintiffs next contend that the trial court erred in granting summary judgment in favor of the Germain defendants. We agree in part.

To the extent that plaintiffs' claims are based upon damage suffered as of 1989, we concur with the trial court's ruling for the same reasons we affirm the summary judgment in favor of Conoco. However, to the extent that contamination has resulted from leaks occurring on or after December 1991, we conclude that the judgment must be reversed.

Contrary to the argument of the Germain defendants, we do not view *Middelkamp v. Bessemer Irrigating Co.*, 46 Colo. 102, 103 P. 280 (1909) and *Hickman v. North Sterling Irrigation District*, 748 P.2d 1349 (Colo.App. 1987) as support for the court's ruling. In *Middelkamp*, our supreme court held that a claim for damages resulting from underground canal seepage accrues when injury to land is visibly apparent and the source is known. *See also Rose v. Agricultural Ditch & Reservoir Co.*, 70 Colo. 446, 202 P. 112 (1921). The rationale was based in part upon the fact that: "[A]ll irrigation canals must of necessity seep more or less ... and will so continue until prevented by other means than ordinary diligence...." *Middelkamp v. Bessemer Irrigating Co., supra,* at 283.

*Hickman* followed *Middelkamp* and emphasized that the rule in *Middelkamp* applies when no change in the manner of operation of the canal occurs during the period following the first visible injury.

Here, however, no *visible* injury to the land appears. Instead, the injury must be determined from subsurface testing. In addition, nothing in the record suggests that underground storage tanks will leak in excess of acceptable limits even though such are installed and maintained with reasonable diligence. Indeed, based upon this record, it appears that no consequential leakage occurred between the date of the 1989 report and approximately December of 1991. Hence, we do not view the analysis in *Middelkamp* and *Hickman* as dispositive in resolving the issue before us.

We conclude that if, as here, underground leakage of petroleum hydrocarbons ceases for a significant period of years and then reoccurs, a new and different claim accrues to the injured landowner for a subsequent injury. Stated another way, we view the record in this case as containing allegations of two distinct tort claims—one accruing in 1989 that is time barred and one in 1991 that is not.

Based upon the foregoing, it is unnecessary to address plaintiffs' other contentions for reversal of the summary judgment in favor of the Germain defendants.

The judgment dismissing plaintiffs' complaint against Conoco is affirmed. That part of the judgment dismissing plaintiffs' claims against the Germain defendants is also affirmed as to any damages resulting from contamination occurring before December of 1991. However, that part of the judgment in favor of the Germain defendants is reversed as to any damages resulting from contamination occurring after December of 1991, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

CASEBOLT and ROY, JJ., concur.