24CA1098 Katzson Brothers v ICAO 12-12-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1098
Industrial Claim Appeals Office of the State of Colorado
DD No. 8050-2024

---

Katzson Brothers, Inc.,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and Patrick McLachlan,

Respondents.

---

ORDER SET ASIDE

Division I
Opinion by JUDGE SULLIVAN
J. Jones and Lipinsky, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 12, 2024

---

Davis Graham & Stubbs LLP, Nathalie A. Bleuzé, Sterling LeBoeuf, Denver, Colorado, for Petitioner

No Appearance for Respondents

¶ 1 In this unemployment benefits case, Katzson Brothers, Inc. (Katzson) seeks review of a final order of the Industrial Claim Appeals Office (the Panel). The Panel affirmed the hearing officer's decision that Katzson didn't show good cause for failing to timely respond to a request for information regarding a former employee's claim for benefits. We set aside the order and remand to the Panel with instructions for further proceedings consistent with this opinion.

## I.     Background

¶ 2 Katzson, a small cleaning equipment business, employed Patrick McLachlan (McLachlan) as a controller. Katzson terminated his employment on February 25, 2024, for alleged check fraud and embezzlement.

¶ 3 McLachlan applied for unemployment benefits. The Division of Unemployment Insurance (Division) sent Katzson a form questionnaire (form) asking for information about McLachlan's employment. The record shows the form, along with an internal Division note indicating that "standard fact finding correspondence" was sent "electronically" on February 28 by some means. Nothing on the form or on any other document in the record identifies the

1

email address to which the Division sent the form. The form showed a mailing address as follows:

KATZSON BROTHERS INC. Attn. RICH MERG CPA
960 VALLEJO ST.
DENVER, CO 80204-3883

¶ 4　No evidence in the record, however, indicates that the form was ever physically mailed. The form provided a deadline of March 6 for Katzson to respond.

¶ 5　Katzson didn't respond within the stated time frame. The Division issued a decision on March 8, notifying Katzson that it had lost its right to protest the award of unemployment benefits to McLachlan under section 8-74-102, C.R.S. 2024, which provides that an employer has seven days to present any information pertinent to the claim. Katzson received that decision by physical mail to the mailing address listed above on March 15, and filed an appeal the same day, explaining that it never received the form, electronically or otherwise, from the Division.

¶ 6　On April 16, a Division hearing officer held a hearing to determine whether Katzson's untimely response should be excused for good cause under Department of Labor and Employment Regulation 12.1.8, 7 Code Colo. Regs. 1101-2 (Regulation 12.1.8).

Richard Right, Katzson's president, testified that McLachlan was the person responsible for receiving electronic communications on Katzson's behalf, and that any email from the Division sent on February 28 would have gone to McLachlan's email account. He also testified that, because McLachlan didn't immediately cooperate with Right to provide access to McLachlan's email account, Right filed a police report on February 26 regarding McLachlan's alleged embezzlement. Right eventually gained access to McLachlan's email account, but found no email from the Division in that account.

¶ 7 The hearing officer then asked, "So what I'm understanding is that [McLachlan] was the person who was responsible when he worked there?" Right responded in the affirmative. The hearing officer then asked, "And then he separated in mid-February and immediately filed a claim. And we sent a request for information electronically to you, but it was still going to his email address?" Right responded, "We think so. I mean we've gone back and checked what we could under his email, and we've been able to locate nothing to indicate anything was sent. Now whether something happened to it or someone changed it we can't say." Katzson hired Ann Roybal as its new controller in mid-March and

she became the new point of contact for the Division. During the hearing, Right asked the hearing officer for the email address to which the Division had sent its form. The hearing officer said that the only email address on file was Roybal's address, which was added after Katzson hired Roybal in mid-March. The record contains no evidence of the email address the Division used to electronically notify Katzson on February 28. Right was the only person who testified at the hearing, and McLachlan didn't appear.

¶ 8 The hearing officer issued a decision finding that Katzson failed to respond to the Division's request "because it did not have any employees assigned to the duty of monitoring communications from the Division." The hearing officer listed the factors that the Division considers when determining whether Katzson had shown good cause for its delay under Regulation 12.1.8. The hearing officer applied two of those factors to conclude that Katzson hadn't shown good cause, saying (1) Katzson "did not act as a reasonably prudent employer by failing to have backups or alternate employees assigned to monitor and respond to correspondences from the Division," and (2) "granting good cause would lead to a result that would be inconsistent with the law."

4

¶ 9      Katzson appealed the hearing officer's determination to the Panel, contending that the hearing officer made numerous errors, including (1) assuming that Katzson received notice of the form; (2) refusing to allow Right to present evidence supporting good cause; and (3) misapplying the good cause factors.

¶ 10     The Panel affirmed the hearing officer's decision, concluding that Katzson's nonreceipt of the form was due to the "employer's failure to provide a current address." The Panel cited Regulation 12.1.8.7, which provides that good cause can't be established to permit an untimely action "that was caused by the party's failure to keep the division directly and promptly informed by a written, signed statement of his or her current and correct mailing address." The Panel concluded that Katzson "failed to act in the manner that a reasonably prudent employer would have acted in the same or similar circumstances by not timely updating the Division with its electronic address." The Panel also cited Regulation 12.1.8.8, which provides that a written decision concerning good cause need not contain findings of fact on every relevant factor, but that the basis for the hearing officer's decision must be apparent from the order.

II.    Analysis

¶ 11    On appeal to this court, Katzson contends that that hearing officer's decision and Panel's order are erroneous because they "assume, without substantial evidence," that the Division sent its form to Katzson, and that Katzson's "failure to receive the notice was due to [Katzson's] failure to monitor its email or to update its contact information with the Division."  Katzson argues that no evidence in the record supports the finding that the Division sent notice to Katzson, because no evidence identifies the email address to which the Division allegedly sent the notice and the Division never provided that information.  Finally, Katzson asserts that, even if the Division did send notice, the hearing officer erred by not permitting Right to present evidence regarding good cause.  Katzson argues that the hearing officer erred by not allowing any evidence regarding the "turmoil" in which Katzson's systems were left after Katzson terminated McLachlan's employment.  Katzson asserts that, as a result of these cumulative errors, the hearing officer and the Panel denied it due process of law.

## A.     Standard of Review

¶ 12     We review de novo the Panel's legal conclusions.  *See Cath. Health Initiatives Colo. v. Indus. Claim Appeals Off.*, 2021 COA 48, ¶ 14.  As relevant here, we may set aside the Panel's decision if the findings of fact don't support the decision or the decision is erroneous as a matter of law.  *See* § 8-74-107(6)(c)-(d), C.R.S. 2024.

## B.     Discussion

¶ 13     Upon receipt of a claim for unemployment, the Division must notify other interested parties of the claim by mail or electronic means.  § 8-74-102(1).  An interested party must be afforded at least seven calendar days after the date of the notice to present information pertinent to the claim.  *Id.*  An interested party may present information out of time only if it shows good cause.  *Id.*

¶ 14     Under the statute, then, the Division must first send the request for information to the interested party before the burden can shift to that party to show good cause for its failure to respond. *See id.*; *see also Allred v. Squirrell*, 543 P.2d 110, 112 (Colo. App. 1975) (existence of form without evidence of mailing didn't establish that notice was mailed to employer where employer's evidence showed that notice wasn't received).

¶ 15    This interpretation is confirmed by a related provision in the statute that makes advance notice to the employer a prerequisite to the hearing officer's issuance of a decision.  The statute provides that "[t]he deputy shall issue a decision in all cases, even if the claimant has insufficient qualifying wages, *unless the interested employer did not receive notice of the claim*, except when the separation from employment is due to a lack of work and no alleged disqualifying circumstances are indicated, or unless the claimant did not file a continued claim."  § 8-74-102(1) (emphasis added).

¶ 16    In this case, the hearing officer and the Panel summarily concluded that Katzson received notice of the claim.  But the record doesn't include a "sent" email, and the Division didn't identify the email address to which it allegedly sent the notice.  Although there is "a presumption that officials faithfully perform their statutory duties, . . . [w]here evidence is introduced in rebuttal of a presumption, then the case must be decided on the evidence presented."  *Allred*, 543 P.2d at 111-12.

¶ 17    Given this lack of substantial evidence, the hearing officer's finding that the Division sent Katzson a request for information was error.  *See id.* (holding that hearing officer's finding that notice was

8

mailed to the employer, basing his decision on the presence in the Division's file of the Notice to Employer of Determination of Benefits Rights, was error in light of evidence that form was never mailed). While a notation in the Division's internal record indicates that "fact finding" was completed by "electronic means" on February 28, insufficient evidence establishes that the Division emailed the request for information to Katzson. Thus, the present situation doesn't involve a conflict in the evidence but rather a lack of substantial evidence supporting the threshold factual issue of whether the Division sent notice to Katzson. *See Allen v. Indus. Comm'n*, 540 P.2d 358, 361 (Colo. App. 1975) ("[W]here there is no substantial supportive evidence, . . . the Commission's determination must be set aside.").

¶ 18 As Katzson observes, it argued to the Panel that "no notice was sent, that it would have received such notice if it had been sent, and that an inquiry into good cause was unnecessary absent a threshold showing that the request was in fact sent." But the Panel rejected that argument, holding that Katzson "did not respond to the Division's request because it did not have any employees assigned to the duty of monitoring communications from the

9

Division." This conclusion also isn't supported by substantial evidence. Although Katzson didn't change the name of its contact person until mid-March, Right's uncontested testimony established that Katzson eventually gained access to McLachlan's email account (where a notice from the Division would have been found if the Division had sent the notice to that email address), but that Katzson received no notice from the Division at that account or elsewhere. Therefore, Katzson's monitoring was immaterial and didn't cause it to fail to respond within the seven-day time frame.

¶ 19 Because we hold that no substantial evidence in the record shows that the Division provided notice to Katzson, we need not consider Katzson's arguments concerning the application of the good cause factors. We agree with Katzson that, in these unique circumstances, Katzson wasn't provided proper notice of the claim. *See Bartenders & More v. Colo. Dep't of Lab. & Emp.*, 2023 COA 123, ¶ 39 ("[A]s a matter of fundamental fairness, a party aggrieved by the decision of an administrative agency must be provided with notice of the deadline for its appeal.").

## III. Disposition

¶ 20 The Panel's order is set aside, and the case is remanded to the Panel to instruct the Division to provide notice to Katzson that complies in all respects with the statute and the applicable regulations and to schedule a hearing to address the merits of McLachlan's unemployment benefits claim. We make no determination on the merits of the claim.

JUDGE J. JONES and JUDGE LIPINSKY concur.

11